ORIGINAL

08 - 288-1

# PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name ___Placencia_____Johnny_____
       (Last)          (First)            (Initial)

Prisoner Number ___H-70449_____

FILED

Institutional Address _Correctional Training Facility, P.O. Box 689

JAN 1 6 2008

(GW-206-Up), Soledad, California 93960-0689

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CV 08    0288 JF

Johnny Placencia_____ )
(Enter the full name of plaintiff in this action.) )
                               )
                vs.               )   Case No. _____
                                 )   (To be provided by the clerk of court)
Ben Curry, Warden, (A) et al.,_____ )
                                 )   **PETITION FOR A WRIT**
Jerry Brown, Calif., Attorney General )   **OF HABEAS CORPUS**
_____ )
_____ )
_____ )
(Enter the full name of respondent(s) or jailor in this action) )

(PR)

---

## Read Comments Carefully Before Filling In

### When and Where to File

    You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS       - 1 -

<u>Who to Name as Respondent</u>

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

## A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

    (a)    Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

Los Angeles County Superior Court    Los Angeles, California

    Court                               Location

    (b)    Case number, if known _BA042301_____

    (c)    Date and terms of sentence _3/15/1993_____

    (d)    Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)   Yes _X_    No _____

    Where?

    Name of Institution: _Correctional Training Facility (CTF-Central)_

    Address: _P.O. Box 689, Soledad, California 93960-0689_

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

_Penal Code §187 2nd Degree Murder_____

_____

_____

PET. FOR WRIT OF HAB. CORPUS      - 2 -

3. Did you have any of the following?

    Arraignment:                        Yes __X__    No _____

    Preliminary Hearing:             Yes __X__    No _____

    Motion to Suppress:             Yes __X__    No _____

4. How did you plead?

    Guilty _____    Not Guilty __X__    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury __X__    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?            Yes _____    No __X__

7. Did you have an attorney at the following proceedings:

| | | | |
|---|---|---|---|
| (a) | Arraignment | Yes __X__ | No _____ |
| (b) | Preliminary hearing | Yes __X__ | No _____ |
| (c) | Time of plea | Yes __X__ | No _____ |
| (d) | Trial | Yes __X__ | No _____ |
| (e) | Sentencing | Yes __X__ | No _____ |
| (f) | Appeal | Yes __X__ | No _____ |
| (g) | Other post-conviction proceeding | Yes __X__ | No _____ |

8. Did you appeal your conviction?       Yes __X__    No _____

    (a)    If you did, to what court(s) did you appeal?

           4th District Court of Appeals in California

           Court of Appeal          Yes __X__    No _____

           Year: 1993        Result: Denied _____

           Supreme Court of California    Yes _____    No __X__

           Year: _____    Result: _____

           Any other court          Yes _____    No __X__

           Year: _____    Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1    petition?                                      Yes _____    No __X__

2         (c)   Was there an opinion? Do not know  Yes _____    No_____

3         (d)   Did you seek permission to file a late appeal under Rule 31(a)?

4                                                    Yes _____    No__X__

5               If you did, give the name of the court and the result:

6               _____

7               _____

8    9.  Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?       Yes _____    No__X__

10           [Note:  If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition.  You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15   U.S.C. §§ 2244(b).]

16        (a)   If you sought relief in any proceeding other than an appeal, answer the following

17               questions for each proceeding.  Attach extra paper if you need more space.

18         I.    Name of Court: _____

19               Type of Proceeding: _____

20               Grounds raised (Be brief but specific):

21               a._____

22               b._____

23               c._____

24               d._____

25               Result: _____Date of Result;_____

26         II.   Name of Court: _____

27               Type of Proceeding: _____

28               Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

1          a._____

2          b._____

3          c._____

4          d._____

5          Result:_____Date of Result:_____

6     III.    Name of Court:_____

7          Type of Proceeding:_____

8          Grounds raised (Be brief but specific):

9          a._____

10         b._____

11         c._____

12         d._____

13         Result:_____Date of Result:_____

14    IV.     Name of Court:_____

15         Type of Proceeding:_____

16         Grounds raised (Be brief but specific):

17         a._____

18         b._____

19         c._____

20         d._____

21         Result:_____Date of Result:_____

22    (b)     Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                         Yes _____    No__X__

24         Name and location of court:_____

25  **B. GROUNDS FOR RELIEF**

26         State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

need more space. Answer the same questions for each claim.

[Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: The State Superior Courts Decision was contrary to clearly established legal precedents. Thus, Violating Due Process.

Supporting Facts: _____

(1) On or about 10/18/06 Petitioner mailed a Writ of Mandate to Monterey County Superior Court.

____ *FACTS CONTINUED ON PAGE 2 OF AMENDMENT/SUPPLEMENT.

Claim Two: _____

_____

Supporting Facts: _____

_____

_____

_____

Claim Three: _____

_____

Supporting Facts: _____

_____

_____

_____

_____

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

_____

_____

_____

_____

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3    of these cases:

4    <u>SEE MEMORANDUM OF POINTS & AUTHORITIES AT PAGES 11-17 OF AMENDMENT/</u>

5    <u>SUPPLEMENT.</u>

6    _____

7    Do you have an attorney for this petition?                    Yes_____      No__X__

8    If you do, give the name and address of your attorney:

9    _____

10        WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on _____January~9-2008_____     ___Johnny Placencia___

14                   Date                              Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

1  Johnny Placencia (CDCR No. H-70449)
   GW-206-up, CTF-Central
2  P.O. Box 689
   Soledad, CA  93960-0689
3  (In Pro Per)

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9  Johnny Placencia                    )   **RE:** AMENDMENT/SUPPLEMENT
   (Petitioner)                        )        TO PETITION FOR WRIT
10                                      )        OF HABEAS CORPUS UNDER
      -VS-                             )        28 U.S.C. §2254
11                                      )
                                        )
12 Ben Curry, Warden, (A) et al.,      )
   Jerry Brown, Calif., Attorney General )
13 (Respondent(s))                     )
                                        )
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              i

1

AMENDMENT / SUPPLEMENT

2 | SECTION/DOCUMENTS | Page(s)

3 | COVER PAGE | i

4 | TABLE OF CONTENTS | ii

5 | TABLE OF AUTHORITIES | iii

6 | AMENDMENT / SUPPLEMENT | 1-25

7 |     INTRODUCTION | 1

8 |     JURISDICTION | 1

9 |     VENUE | 1

10 |     PARTIES | 1

11 |     FACTS | 2-10

12 |     MEMORANDUM OF POINTS AND AUTHORITIES | 11-17

13 |     CONCLUSION / PRAYER FOR RELIEF | 18

14 | EXHIBITS |

15 | 'A' SUPERIOR COURTS ORDER DENYING RELIEF | 19-21

16 | 'B' CALIFORNIA 6th DIST. COURT OF APPEALS 1-LINE DENYING ORDER | 22-23

17 | 'C' CALIFORNIA SUPREME COURT 1-LINE DENYING ORDER | 24-25

20 | VERIFICATION / PROOF OF SERVICE BY MAIL | 26

18

19

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

Authority                                                    Page(s)

### CONSTITUTIONAL

"Due Process" 14th Amendment                                 Passim

### FEDERAL CASE LAW

Anthony -v- Cambra
(9th Cir. 2000) 236 F.3d 568,578                             12

Arkansas -v- Oklahoma
(1992) 112 S.Ct. 1046, 1060, 503 US 529                      16

Burnsworth -v- Gunderson
(9th Cir. 1999) 179 F.3d 771, 774                            16

Concrete Pipe & Prod. -v- Cost. Laborers Pen.
(1993) 113 S.Ct. 2264, 2280                                  12

Demosthenes -v- Baal
(1990) 110 S.Ct. 2223, 2225                                  12

Jancsek -v- Oregon Board of Parole
(9th Cir. 1987) 833 F.2d 1389, 1390                          16

Superintendent -v- Hill
(1985) 472 US 445, 105 S.Ct. 2768                            13,16

US -v- Armstrong
(9th Cir. 1995) 48 F.3d 1508, 1512                           17

Williams -v- Taylor
(2000) 120 S.Ct. 1495, 1519, 1520, 529 US 362               11,12

### STATE CASE LAW

In re Zepeda
(Cal. App. 4 Dist. 2006) 47 Cal. Rptr. 3d 172 at ft.4 pg.175   13

### CALIFORNIA PENAL CODES

§404                                                         13

### CALIFORNIA CODE OF REGULATIONS (TITLE 15 Div. 2 & 3)

§3320(1)                                                     15

### FEDERAL UNITED STATE CODES

§2254(d)(1)                                                  Passim
§2254(d)(2)                                                  Passim
§2254(e)(1)                                                  12

1  Johnny Placencia (CDCR No. H-70449)
   GW-206-Up, CTF-Central
2  P.O. Boc 689
   Soledad, CA  93960-689
3  (In Pro Per)

4

5                  IN THE UNITED STATES DISTRICT COURT

6              FOR THE NORTHERN DISTRICT OF CALIFORNIA

7  Johnny Placencia              )  RE: AMENDMENT/SUPPLEMENT
   (Petitioner)                  )      TO PETITION FOR WRIT
8                                )      OF HABEAS CORPUS UNDER
      -VS-                       )      28 U.S.C. §2254
9                                )
   Ben Curry, Warden, (A) et al.,)
10 Jerry Brown, Calif. Attorney General )
   (Respondent(s)               )
11 _____   )

12                         **INTRODUCTION**

13     This petition is brought before this Court in the matter of whether the

14  California Department of Corrections and Rehabilitation (CDCR) and the lower

15  California State Courts violated Petitioner's Due Process Right's under

16  the United States Constitution.

17                          **JURISDICTION**

18   As original conviction occurred in Los Angeles County, State of

19  California , Jurisdiction is appropriate under U.S.C. §2254.

20                            **VENUE**

21   Venue is applicable under 28 U.S.C. §1391(b)(2), upon information and

22  belief, as habeas corpus petitions are civil in nature.

23                           **PARTIES**

24   Petitioner is a prisoner of California, and currently housed by the (CDCR)

25  Ben Curry is the acting Warden of the Correctional Training Facility,

26  Soledad, and his Responsibilities is as the current custodian of Petitioner.

27  Jerry Brown is the current Attorney General of the State of Califronia.

28                   **STATEMENT OF FACTS**

1  (2) On 12/11/06 the Superior Court denied relief as Writ of Mandate and

2      issued an Order under Writ of Habeas Corpus, Case No. HC5558.

3  (3) On 1/23/07 Petitioner filed a Notice of Appeal under CCP 1094.5(h)(3).

4  (4) On 1/31/07 Petitioner received Appellate Court Order and Appellant was

5      asked to explain why his Appeal should not be dismissed.

6  (5) On 2/7/07 Petitioner/Appellant filed his responsive pleading to the

7      Appellate Court Order.

8  (6) On 3/14/07 the Appellate Court entered an Order dismissing without

9      prejudice to defendant filing for habeas relief in this Court.

10 (7) On 3/20/07 Petitioner/Appellant filed a Motion for Reconsideration to

11     the Appellate Court.

12 (8) On 3/29/07 the Appellate Court entered an Order denying Appellant's

13     Motion for Reconsideration.

14 (9) On 5/15/07 Petitioner/Appellant received a *REMITTITUR* from the

15     Appellate Court stating the March 14, 2007 opinion or decision has now

16     become final.

17 (10) On 8/17/07 Petitioner filed a Writ of Habeas Corpus to the Sixth

18      District Court of Appeals, Case No. H031943.

19 (11) On 9/21/07 the Appellate Court entered an Order by a summary one-line

20      denial: "The petition for writ of habeas corpus is denied."

21 (12) On 9/23/07 Petitioner filed a Petition for Review to the State Supreme

22      Court, Case No. S156662.

23 (13) On 11/28/07 Supreme Court issued a summary one-line denial.

24 (14) For the aforementioned facts, foregoing facts, and memorandum of points

25      and authorities, with the attached exhibits, it is obvious that the

26      lower State Court's Order(s)/Opinion(s)/Decision(s) were contrary to

27      and an unreasonable application of State and Federal Court precedence.

28

(15)THE RECORDS AND FACT'S IF PROPERLY REVIEWED,SHOW IT DID NOT
   EVOLVE THE WAY THE HONORABLE MARLA O.ANDERSON INTERPRETED.
(16)THE FACTS ARE A DiSTURBANCE OCCURED ON THE SOCCER FIELD ON
   CENTRAL FACILITY SOLEDAD,THIS DiSTURBANCE TOOK PLACE 10-2-05.
   PETITIONER WAS IN THE WORKOUT AREA,AN AREA THAT HAD NOTHING
   TO DO WITH THE SOCCER AREA,ON THE DAY OF DISTRUBENCE PETITIONER
   WAS SKIN AND BODY SEARCHED ALONG WITH EVERY OTHER NATIONAL
   HISPANIC AND SOUTHERN HISPANIC INMATE ON THE YARD. PETITIONER
   WAS CLEARED BY YARD OFFICERS AND ADMINISTRATION TO RETURN
   BACK TO HIS HOUSING UNIT AS PETITIONER WAS NO WHERE NEAR THE
   RIOT,ALSO PETITIONER HAD NO MARKS ON HIS BODY OR CLOTHING TO
   SUGGEST HE HAD BEEN INVOLED IN THE RIOT.
(17)PETITIONER WAS SEARCHED BY CORRECTIONAL YARD OFFICER TAYLOR,
   WHO STATED "I SEARCHED INMATE PLACENCIA SKIN AND CLOTHING
   AND I DID NOT FIND ANY EVIDENCE TO SUGGEST HE HAD BEEN INVOLED
   IN THE RIOT" (EMPHASIS ADDEDED,E.A.HEREAFTER).
(18)ON 10-3-05, A SINGLE UNRELIABLE CONFIDENTIAL INFORMANT
   FABRICATED A STORY TO REMOVE PETITIONER FROM HIS FACILITY AND
   GAVE FALSE INFORMATION ABOUT PETITIONER TO A LT. C.B.TUCKER.
   THIS FALSIFIED INFORMATION CAME FROM A CONFIDENTIAL INFORMANT
   WHO WAS PLACED IN ADMINISTRATIVE SEGREGATION AT THE TIME
   OF PROVIDING THIS FALSE INFORMATION. THIS CONFIDENTIAL SELF
   INCRIMINATED HIMSELF IN CRIMINAL ACTIVITY AT THE TIME OF
   PROVIDING THIS FALSE INFORMATION.
(19)THE CTF ADMINISTRATION DETERMINED THE (CI) INFORMATION WAS
   **NOT RELIABLE**, AS PETITIONER WAS NOT PLACED IN AD-SEG THE DAY
   THE INFORMATION WAS PROVIDED TO OFFICIALS, INSTEAD PETITIONER
   WAS PLACED IN AD-SEG **(25 DAY'S)** AFTER THIS CI PROVIDED THIS

1    FALSE INFORMATION ABOUT PETITIONER.

2    (20) THERE WAS NOT SUFFICIENT EVIDENCE TO FIND PETITIONER GUILTY

3    PETITIONER FILED IN THE SUPERIOR COURT OF MONTEREY COUNTY ON

4    10-10-06. ON 12-11-06 SUPERIOR JUDGE MARLA O.ANDERSON USED

5    HER DISCRETION IN CHANGING PETITIONER,PETITION TO A HABEAS

6    CORPUS, WHEN PETITIONER ORIGINALLY FILED A ADMINISTRATIVE

7    MANDAMUS.

8    (21)THERE IS SOME CONTRADICTION IN JUDGE ANDERSON STATEMENT OF

9    FACTS AND DECISSION,WHERE JUDGE ANDERSON STATE'S "AT THE

10    CONCLUSION OF PETITIONER DISCIPLINARY HEARING AT WHICH

11    PETITIONER WAS FOUND GUILTY OF PARTICIPATION IN A RIOT,

12    PETITIONER WAS PLACED IN ADMINISTRATIVE SEGREGATION AND

13    SUFFERED CREDIT LOSS" LINES 8-10,THEN ON LINE 22-23, JUDGE

14    ANDERSON STATE'S" "PETITIONER WAS PLACED IN ADMINISTRATIVE

15    SEGREGATION DURING AN INVESTIGATION INTO THE OCCURENCE AND

16    REMAINED FOLLOWING PETITIONER LATER CONVICTION OF GUILT".

17    (22)THE FACT HERE IS PETITIONER WAS PLACED IN AD-SEG 25 DAY'S

18    AFTER THIS SO-CALLED RELIABLE CONFIDENTIAL INFORMATION WAS

19    PROVIDED,BY A SINGLE SOURCE. PETITIONER **WAS NOT FOUND GUILTY**

20    OF THE ORIGINAL CHARGED THE INFORMANT PLACED ON HIM, INSTEAD

21    PETITIONER WAS FOUND GUILTY WITH NO EVIDENCE OF A VERY LESSER

22    CHARGE,WHICH **INVALIDATES** ALL THE INFORMATION THIS CONFIDENTIAL

23    INFORMANT PROVIDED THAT PLACED PETITIONER IN AD-SEG.

24    (23) JUDGE ANDERSON INTERPRETED THE RECORD AS PETITIONER BEINNG

25    FOUND GUILTY OF A RULES VIOLATION,THEN PALCED IN AD-SEG,

26    WHEN IN FACT PETITIONER WAS IN AD-SEG FOR 113 **DAY'S** BEFORE

27    PETITIONER ARREARED BEFORE A LIEUTENANT FOR THIS FALSE CHARGE.

28    PETITIONER WAS CALLED TO HIS HEARING **JANUARY,22,2006** AND FOUND

1   GUILTY OF PARTICIPATION IN A RIOT,WITH NO EVIDENCE TO SUPPORT

2   THE GUILTY VERDICT BY THE SENIOR HEARING OFFICER LT.  AFTER

3   PETITIONER WAS FOUND GUILTY,HE WAS RELEASED FROM AD-SEG AND

4   RETURNED RIGHT BACK TO THE SAME YARD,SAME FACILITY WHERE

5   PETITIONER REMAINS TILL THIS DAY. PETITIONER WAS NOT FOUND

6   GUILTY THEN PLACED IN AD-SEG AS JUDGE ANDERSON INTERPETED

7   IT TO HAVE HAPPENED TO PETITIONER.

8   (24) THE SUPERIOR COURT DENIAL SHOWS THIS IS STHE WAY JUDGE

9   ANDERSON INTERPETED THE FACT'S.

10  (25) JUDGE ANDERSON STATES PRISON OFFICIALS FOUND THE

11  CONFIDENTIAL INFORMANT TO BE RELIABLE AS THE (CI) PREVIOUSLY

12  PROVIDED INFORMATION IN THE PAST TO PRISON OFFICIALS AND

13  MET THE CRITERIA SET FORTH IN (CCR) TITLE 15 3321.

14  (26)    JUDGE ANDERSON DOES NOT TAKE INTO CONCIDERATION THAT

15  PETITIONER WAS NOT FOUND GUILTY OF THE CHARGES THE (CI)

16  INFORMED ON PETITIONER,THE (CI) TESTIMONY WAS RECEIVED BY

17  PRISON OFFICIALS AS THIS,THE CONFIDENTIAL INFORMANT SELF

18  **INCRIMINATED HIMSELF IN CRIMINAL ACTIVITY AT THE TIME**

19  **OF PROVIDING THE FALSE INFORMATION TO PRISON OFFICIALS.**

20  (27) THE (CI) GAVE THE EXACT SAME INFORMATION ABOUT **(TWO)** OTHER

21  INMATES AND PETITIONER AND IN DOING THIS CREATED A

22  FIRESTORM, WHICH CAUSED PETITIONER TO BE PLACED IN AD-SEG FOR

23  NO REASON OTHER THEN FALSE TESTIMONY.

24  (28) PETITIONER HAS SHOWN (CDCR) OFFICIALS, AND THE SUPERIOR

25  COURT OF MONTEREY COUNTY WHY THIS (CI) WHO PRISON OFFICIALS

26  RELIED UPON TO PLACE PETITIONER IN AD-SEG AND FIND HIM GUILTY

27  OF PARTICIPATION IN A RIOT,IS VERY IS VERY UNRELIABLE.

28  (29) THE SENIOR HEARING OFFICER (SHO) LT. CHAVEZ WHO CONDUCTED

Page 5

1  THE HEARING ON PETITIONER 113 DAY'S AFTER PETITIONER WAS
2  PLACED IN AD-SEG STATE'S THE FOLOWING "**THE FINDINGS ARE BASED**
3  **ON A LACK OF EVIDENCE BROUGHT FORTH BY THE CONFIDENTIAL**
4  **INFORMANT, IN WHICH THE (CI) INDICATE'S PETITIONER AND**
5  **(TWO) OTHER INMATES COMMITED THE EXACT SAME INFRACTION TO**
6  **INMATE ENRIQUEZ.**
7  (**30**) PETITIONER WAS NOT FOUND GUILTY OF ANY INVOLVEMENT WITH
8  THIS INMATE ENRIQUEZ, BUT DUE TO THIS **FALSE (CI)** THAT CAUSED
9  PETITIONER TO BE PLACED IN AD-SEG IN THE FIRST PLACE, PETITIOER
10 WAS FOUND GUILTY OF PARTICIPATION IN A RIOT, DUE TO THE (CI)
11 STATEMENT, RIGHT AFETR THE (SHO)LT. CHAVEZ STATED THE FINDINGS
12 ARE BASED ON A LACK OF EVIDENCE BROUGHT FORTH BY THE (CI).
13 (**31**) JUDGE ANDERSON STATES "**ON THE RULES VIOLATION REPORT (RVR)**
14 **EVIDENCE WAS PRESENTED THAT 50 INMATES WERE FULLY ENGAGED IN**
15 **COMBAT DURING THE INCIDENT AT ISSUE**".
16 (**32**)FOR THE RECORD PETITIONER WAS COMPLETELY CLEAN AND CLEARED
17 BY YARD OFFICERS THE DAY OF THE INCIDENT, FULLY ENGAGED IN
18 COMBAT WOULD SURELY HAVE LEFT PETITIONER WITH SOME MARK OR
19 INDICATION OF SOME TYPE OF INVOLVEMENT.
20 (**33**) THE FACTS AT THE HEARING AND BEFORE THE HEARING ARE AS
21 FOLLOWS. AFTER THE INCIDENT THE INMATES OF NATIONAL HISPANIC
22 AND SOUTHERN HISPANIC WERE SKIN SEARCHED ON THE CENTRAL
23 YARD. APPROXIMATELY 30-45 MINUTE'S PETITIONER WAS SKIN
24 SEARCHED IN THE WORK OUT AREA WHERE HE HAD JUST ARRIVED
25 MINUTES BEFORE, THIS IS AN AREA THAT HAD NOTHING TO DO WITH
26 THE RIOT,CORRECTIONAL OFFICER TAYLOR STATED THE FOLLOWING
27 "**I SEARCHED INMATE PLACENCIA SKIN AND CLOTHING AND DID NOT**
28 **FIND ANY EVIDENCE TO SUGGEST HE HAD BEEN IN THE RIOT**".

1    PLACENCIA WAS CLEARED TO RETURN BACK TO HIS HOUSING UNIT.

2    (34) THE FOLOWING DAY THE 3rd OF OCTOBER,2005 PETITIONER WAS

3    AGAIN TOOKEN TO MEDICAL AND SKIN SEARCHED 7219'd AND WAS

4    CLEARED AGAIN TO RETURN BACK TO HIS NORMAL HOUSING UNIT,

5    7219'd MEDICAL DOCUMENT STATE'S"CLEAR,NO INJURIES OR MARK'S"

6    ON OCTOBER 27,2005, 25DAY'S AFTER THIS (CI) PROVIDED

7    THIS FALSE INFORMATION, PETITIONER WAS AGAIN FOR THE THIRD

8    TIME 7219'd, WITH THE SAME RESULT'S CLEAR NO INJURIES OR

9    MARK'S, THIS TIME PETITIONER WAS FORCED INTO AD-SEG WITH

10   FALSE CHARGES, BASED ON A (CI) TESTIMONY THAT WAS GIVEN

11   25 DAY'S  PRIOR PETITIONER WAS CLEARED 3 TIMES BEFORE BEING

12   PLACED IN AD-SEG.

13   (35) JUDGE ANDERSON STATES "PETITIONER DID NOT REQUEST STAFF,OR

14   INMATE WITNESES AT THE HEARING", IN FACT PETITIONER DID

15   REQUEST WITNESES TO BE PRESENT, AS IS STATED ON THE (RE)

16   REPORTING EMPLOYEE REPORT,MARKED (YES). PETITIONER REQUESTED

17   THESE WITNESES AS HE WAS SURE HE WOULD BE (EXONORATED) OF

18   THIS WHOLE MATTER, PETITIONER WAS TOLD IT WAS TO LATE TO CALL

19   ALL THE WITNESES AND STAFF HE HAD REQUESTED,.

20   (36)  JUDGE ANDERSON CONCLUSION STATE'S "IN THE CONTEXT OF

21   DISCIPLINARY HEARING DUE-PROCESS IS SATISFIED IF THERE IS ANY

22   EVIDENCE IN THE RECORD THAT COULD SUPPORT THE CONCLUSION

23   REACHED BY THE DISCIPLINARY BOARD".

24   (37) IF THE RECORED IS PROPERLY REVIEWED,IT SHOWS HARD EVIDENCE

25   THAT CAN NOT BE CONTESTED THAT PETITIONER HAD NO INVOLVEMENT

26   IN THIS RIOT. THESE DOCUMENTS AND STATEMENTS BY ADMINISTRATION

27   AND INMATES CLEARLY SHOW PETITIONER TO BE INNOCENT,

28   ADMINISTRATION DREW UP A 57PAGE INCIDENT REPORT,PETITIONEER

1  IS NOT MENTIONED IN THIS WHOLE REPORT, ADMINISTRATION DREW UP

2  A LIST OF NAMES OF POSSIBLE PARTICIPANT'S, PETITIONER IS NOT

3  MENTIONED ON THIS LIST EITHER, A SCHEMATIC WAS DONE ON THE

4  YARD OF THE AREA WHERE STAFF OBSERVED THE RIOT TO TAKE PLACE,

5  PETITIONER IN NO WHERE NEAR THE AREA AND PETITIONER NAME IS

6  NOT MENTIONED IN THE SCHEMATIC. PETITIONER ALONG WITH EVERY

7  MEXICAN AND NATIONAL HISPANIC WAS SKIN SEARCHED ON THE YARD

8  THE DAY OF THE INCIDENT, PETITIONER WAS SEARCHED BY A

9  CORRECTIONAL YARD OFFICER TAYLOR WHO STATED "I SEARCHED

10 INMATE PLACENCIA SKIN AND CLOTHING AND FOUND NO EVIDENCE TO

11 SUGGEST PETITIONER WAS INVOLVED IN THE RIOT". THE NEXT DAY

12 PETITIONER WAS AGAIN SEARCHED 7219d AND WAS CLEARED WITH NO

13 INJURIES OR MARKS.

14 (38) AT PETITIONER HEARING PETITIONER STATENENT IS AS FOLLOWS,

15 "THE S.H.O. HAS READ THE CHARGES TO INMATE PLACENCIA,WHICH

16 WERE BATTERY ON AN INMATE WITH A DEADLY WEAPON" PETITIONER

17 PLEADED NOT GUILTY AND STATED THE FOLLOWING, I HAD NO

18 INVOLVEMENT IN THE INCIDENT, IT IS COMMON KNOWLEDGE BY ALL

19 INMATES AND ADMINISTRATION OF ALL RANKING THAT I HAD NO

20 INVOLVEMENT IN THIS INCIDENT, NO WHERE IN THE SCHEMATIC IS MY

21 NAME MENTIONED, THE CONFIDENTIAL WAS WRITTEN ON 10-3-05 ONE

22 DAY AFTER THE INCIDENT, WHY WAS I PLACED IN AD-SEG 24DAY'S

23 LATER IF THIS CONFIDENTIAL WAS RELIABLE, MY NAME WAS NEVER

24 TAKEN BY STAFF DURING THE RIOT.

25 (39) THE S.H.O. THEN ASKED PETITIONER THIS QUESTION,"WHERE WERE

26 YOU LOCATED ON THE CENTRAL YARD DURING THE RIOT?" PETITIONER

27 STATEMENT IS AS FOLLOW'S "I WAS AT THE HANDBALL COURT'S ALL

28 AFETRNOON, I THEN WALKED TO THE PHONES, MADE TWO PHONE CALLS

1   TO MY MOM, I THEN WALKED TO THE WORKOUT AREA AND WAS THERE

2   FOR ABOUT 2MINUTES, I BRIEFLY SPOKE WITH BOBBY BUSHBOMB.

3   THEN THE YARD WENT DOWN I SAT DOWN, THE OFFICERS CAME AND

4   USED YELLOW TAPE TO SEPERATE THE AREA, I WAS NOWHERE NEAR THE

5   AREA THAT THE TAPE SURROUNDED", PETITIONER USED A MAP TO SHOW

6   THE S.H.O. HIS EXACT LOCATION OF THE DAY IN QUESTION.

7   **(40)** PETITIONER HAD MANY WITNESSES OF ALL RACES AND THEIR

8   STATEMENT'S TO SHOW PETITIONER WAS IN THE WORKOUT AREA DOING

9   HIS DAILY EXERCISES,AND WAS IN NO WAY RIOTING, THE HEARING

10  LIEUTENANT DID NOT TAKE ADEQUATE CONSIDERATION OF THE

11  STATEMENTS WHICH SHOW PETITIONER TO BE INNOCENT, INSTEAD

12  PETITIONER WAS DISCRIMINATED AGAINST FOR BEING MEXICAN AND

13  WAS AUTOMATICALLY FOUND GUILTY.

14  **(41)**   ALL THE DOCUMENTS AND STATEMENT'S SHOW PETITION TO BEING

15  INNOCENT, THE S.H.O. STATES HIMSELF "**THE FINDING ARE BASED**

16  **ON A LACK OF EVIDENCE BROUGHT FORTH BY THE CONFIDENTIAL**

17  **INFORMANT**", THIS WAS THE ONLY INMATE THAT SAID PETITIONER

18  WAS INVOLVED, A CONFIDENTIAL INFORMANT THAT INCRIMINATED

19  HIMSELF IN CRIMINAL ACTIVITY AT THE TIME OF PROVIDING FALSE

20  TESTOMONY.

21  **(42)** JUDGE ANDERSON STATES "THE EVIDENCE IN THE RECORD IS

22  SUFFICIENT TO UPHOLD THE FINDING OF GUILT". IN TRUTH THE

23  EVIDENCE IN THE RECORD SHOW PETITIONER TO BEING INNOCENT.

24  **(43)** THE PROPER STANDARD OF REVIEW AT A PRISON DISCIPLINARY

25  HEARING IS "PREPONDERANCE OF THE EVIDENCE"  SEE CCR TITLE 15

26  AT 3320(l). UNEQUIVACALLY PETITIONER WASN'T FULLY ENGAGED IN

27  A RIOT AS THERE IS **NO** EVIDENCE TO SHOW ANY INJURY.

28  **(44)** PARTICIPATION IN A RIOT IS NOT A LESSER OFFENSE OF WHAT

1   THE FALSE CONFINDENTIAL INFORMANT, INFORMED ABOUT PETITIONER.

2   **(45)** THE EVIDENCE USED TO FIND PETITIONER GUILTY OF PARTICIPATION IN A RIOT

3   HAS NO INDICIA OF RELIABILITY.

4   **(46)** FOR THE AFOREMENTIONED FACTS, FOREGOING MEMORANDUM OF POINTS AND

5   AUTHORITIES, AND THE ATTACHED EXHIBITS, IT IS OBVIOUS THAT THE LOWER

6   STATE COURT'S ORDER(S)?OPINION(S)?DECISION(S) WERE CONTRARY TO AND AN

7   UNREASONABLE APPLICATION OF STATE AND FEDERAL COURT PRECEDENCE.

## MEMORANDUM OF POINTS & AUTHORITIES

Amidst the myriad of United States Code (U.S.C. hereafter) related to Federal Habeas Corpus, the most relevant burden of proof the Petitioner bears is having to state a prima facie case under U.S.C. §2254(d)(1) / 28 U.S.C §2254(d)(2), as follows: (d) "An application for writ of habeas corpus on behalf of a person in custody pursuant to the Judgement of a State Court shall not be Granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim --

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) Resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in State Court proceedings."

28 U.S.C. §2254(d)(1) has been adequately defined in <u>Williams -v- Taylor</u> (2000) 120 S.Ct. 1495, 1519, 1520, 529 U.S. 362 holding:

> "First, a State-Court decision is contrary to this Court's precedent if the State Court arrives at a conclusion opposite to that reached by this Court on a question of law.  Second, a State Court decision is also contrary to this Court's precedent if the State Court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrive at a result opposite to ours... A State-Court decision will certainly be contrary to our clearly established precedent if the State Court applies a rule that contradicts the Governing law set forth in our cases... A State-Court decision will also be contrary to this Court's clearly established precedent if the State Court confronts a set of facts that are materially indistinguishable from a decision of this Court and needlessly arrives at a result different from our precedent."

## UNREASONABLE APPLICATION

> "First, a State-Court decision involves an unreasonable application of this Court's precedent if the State Court identified the correct governing legal-rule from this Court's cases but unreasonably applied it to the facts of the particular State prisoner's case.

//

Page 11

1

2                    **MEMORANDUM OF POINTS & AUTHORITIES**

3              Second, a State-Court decision also involves an unreasonable
               application of this Court's precedent if the State Court either
4              unreasonably extends a legal principle from our precedent to a
               new context where it should not apply.  [¶] State-Court decision
5              that correctly identify the Governing legal rule but applies it
               unreasonably to the facts of a particular prisoner's case
6              would qualify as a decision "involving an unreasonable
               application of... clearly established Federal law."

7

8        28 U.S.C. §2254(d)(2)'s parameter is fairly analogous to U.S. Supreme Court

9   holding of Demosthenes -v- Baal (1990) 110 S.Ct. 2223, 2225, which declared:

10             "A State Court's determination's on the merits of a factual
               issue are entitled to a presumption of correctness on Federal
11             habeas review.  A Federal Court may not overturn such
               determinations unless it concludes that they are not fairly
12             supported by the record."

13        In arguendo, "not fairly supported by the record" appears parallel to

14  "unreasonable determination of facts in light of the evidence presented".  State

15  Court findings of fact are presumed to be correct unless Petitioner rebuts that

16  presumption by clearly and convincing evidence.  28 U.S.C. §2254(e)(1).

17        Notwithstanding the Williams -v- Taylor, supra, interpretation and holding of

18  28 U.S.C. §2254(d)(1)'s "unreasonable application" analysis, "clear error" is the

19  doctrine that helps interpret this standard.  The U.S. Supreme Court has stated in

20  Concrete Pipe & Prod. -v- Const. Laborers Pen. (1993) 113 S.Ct. 2264, 2280: "Thus,

21  review under 'clearly erroneous standard' is significantly deferential requiring a

22  definite and firm conviction that a mistake has been committed."  Anthony -v-

23  Cambra (9th Cir. 2000) 236 F.3d 568,578, also assisted clarification:

24             "In making this determination, this Court first considers
               whether the State Court erred at all; only after concluding
25             that an error occurred does this court decide whether that
               error involved an unreasonable application of controlling
26             law within the meaning of section 2254(d)."

27  //

28  //

## MEMORANDUM OF POINTS & AUTHORITIES

BECAUS PETITIONER IS SEEKING REVIEW UNDER THE STANDARD OF EVIDENCE, THE SUPERINTENDENT-V-HILL(   )472us445,105 s.ct,2768 "SOME EVIDENCE" TEST DOES NOT APPLY TO THIS GROUND.

IN RE ZEPEDA (cal.App.4dist.2006) 47cal rptr3d 172 at FT,4 BOTTOM OF P.175.

> ZEPEDA CLAIMS ONLY THAT THE DISCIPLINARY ACTION
> VIOLATED HIS FEDERAL CONSTITUTIONAL DUE PROCESS
> RIGHTS AND "DOES NOT" CLAIM THE DISCIPLINARY
> BOARDS FINDING FAILED TO MEET EVIDENTIARY SATANDARDS
> IMPOSED BY STATE LAW".)

THUS,ZEPEDA CASE, CITING SUPERINTENDED-V-HILL HAS CLEARLY RECONIZED THE JUDICAL REVIEW NEEDED UNDER PREPONDERANCE OF EVIDENCE STANDARD UNDER CALIFORNIA DUE PROCESS RIGHTS. HEREAFTER, PETITIONER WILL SHOW HOW STATUTE FOR PARTICIPATING IN A RIOT WASN'T VIOLATED ALONG WITH OTHER COMPARITIVE ANALYSIS ABOUT THE ALLEGED CRIME COMPARED TO HIS ALLEGED ACTIONS.

### PEN.CODE  404

"(a) ANY USE OF FORCE OR VIOLENCE,DISTURBING PUBLIC PEACE OR ANY THREAT TO USE FORCE OR VIOLENCE,IF ACCOMPANIED BY IMMEDIATE POWER OR EXECUTION,BY TWO OR MORE PERSONS ACTING TOGETHER,AND WITHOUT AUTHORITY OF LAW IS A RIOT.

"(b) AS USED IN THIS SECTION, DISTURBING THE PUBLIC PEACE MAY OCCUR IN ANY PLACE OF CONFINEMENT, PLACE OF CONFINEMENT MEANS ANY STATE PRISON..

TO BE PROVED, BASED ON THE USE OF STATUTORY CONSTRUCTION WHERE EVERY WORD HAS MEANING.

ONE

  (A) ANY USE OF FORCE
         OR
  (B) ANY USE OF VIOlENCE
         OR

TWO

  (A) DISTURBING THE PUBLIC
         OR

THREE

  (A) ANY THREAT TO USE FORCE
         OR
  (B) ANY THREAT TO USE VIOLENCE
         AND

FOUR

  (A) IF ACCOMPANIED BY IMMEDIATE POWER
         OR
  (B) IF ACCOMPANIED BY IMMEDIATE EXECUTION
         AND

FIVE

  (A) BY TWO OR MORE PERSONS ACTING TOGETHER
         AND

SIX WITHOUT AUTHORITY OF LAW
    IS A RIOT.


   TO BEGIN WITH, CONTRAY TO JUDGE ANDERSONS AND CDCR'S
ADMINISTRATIVE FINDINGS, THE RECORD IS **DEVOID** OF EVIDENCE
TO SUPPORT,

(1) PETITIONER USED ANY FORCE,OTHERWISE THE CHARGES THE

    CONFIDENTIAL INFORMANT PLACED ON HIM WOULD NOT HAVE BEEN

    DISMISSED.

(2) PETITIONER USED ANY VIOLENCE, OTHERWISE THE CHARGES WOULD

    HAVE NOT BEEN DISMISSED

    OR

(3) PETITIONER CONDUCTED ANY ACTION TO DISTURB THE PEACE,

    RECORD IS **DEVOID** OF ANY ALLEGATION THAT PETITIONER CONDUCTED

    **ANY ACTION** TO DISTURB THE PEACE.

    OR

(4) PETITIONER MADE ANY THREAT TO USE FORCE, RECORD IS **DEVOID**

OF ANY REFERENCE TO ANY ALLEDGE THREAT OF FORCE.

(5)    PETITIONER MADE ANY  THREAT'S TO USE VIOLENCE (RECORD DEVOID OF ANY REFERENCE TO ANY ALLEGED THREAT OF VIOLENCE) AT THIS POINT,UNDER PREPONDERENCE OF THE EVIDENCE (CCR)3320(l) STANDARD OF PROOF SHOULD HAVE **EXONERATED** PETITIONER, YET,CDCR STILL FOUND GUILT.

(6)    THE RECORD IS DEVOID OF ANY EVIDENCE TO PROVE ANY OF PETITIONER'S ACTIONS **"ACCOMPANIED BY IMMEDIATE POWER OR EXECUTION"**, SIMPLY PUT, IF PETITIONER WAS FULLY INVOLVED IN THE ISSUE HE WOULD OF HAD OFENSIVE AND DEFENSIVE WOUNDS, WHICH WHERE ARE NONE.

WHERE PART "SIX" MUST HARMONIZE WITH ONE-FIVE ABOVE, AND DOESN'T, THERE CAN BE NO GUILT TO SUSTAIN PROPONDERENCE OF THE EVIDENCE BY THE ADMINSTRATIVE HEARING.

(7)    **ALSO PETITIONER SHOWS,**

THE COMPLETE LACK OF ALLEGATION/PROFF THAT HE ALLEGEDLY ACTED WITH SOMEONE ELESE.

SO WHERE THE CRIMINAL ELEMENT ARE NOT EVEN MET, LET ALONE PROPERLY ALLEGED, THE ADMINISTRATIVE GUILT MUST FAIL. SUPERINTENDENT,MASS.COR.INSTITUTION-V-HILL (1985) 105 s.ct.2768,2775,472 us 445,457, "THE FEDERAL CONSTITUTION DOES NOT REQUIRE EVIDENCE THAT LOGICALLY PRECLUDES ANY CONCLUSION BUT THE ONE REACHED BY THE DISCIPLINARY BOARD.... RESPONDENTS RELIED ONLY UPON THE FEDERAL CONSTITUTION AND DID NOT CLAIM THAT THE DISCIPLINARY BOARDS FINDINGS FAILED TO MEET EVIDENTIARY STANDARDS IMPOSED BY STATE LAW.. BECAUSE THE DETERMINATION OF THE DISCIPLINARY BOARD WAS NOT SO LACKING IN EVIDENTIARY SUPPORT AS TO VIOLATE DUE-PROCESS

IN BURNSWORTH-V-GUNDERSON (9thcir.1999) 179F.3d 771,774. THE
NINTH CIRCUIT STATED "[D]UE PROCESS DOES NOT PERMIT A CONVICTION
BASED ON NO EVIDENCE" THIS TENET APPLIES TO PRISON RULES VIOLATION
NOT JUST CRIMINAL TRIALS. BURNWORTH,AT P.775, IN THE PRISON
DISCIPLINARY CONTEXT,ALSO STATED.

   "THE COURT IN HILL (ITAL) DID NOT ADDRESS A SITUATION WHERE
    A CONVICTION WAS TOTALLY UNSUPPORTED BY EVIDENCE...THE
    MINIMUM REQUIREMENTS OF PROCEDUAL DUE PROCESS REQUIRE THAT
    THE FINDING OF THE PRISON DISCIPLINARY BOARD BE SUPPORTED
    BY SOME EVIDENCE IN THE RECORD".

THERE IS NO EVIDENCE IN THE RECORD, LIKE BURNWORTH, TO UPHOLD
GUILT FOR THE ALLEGED DISCIPLINARY INFRACTION.

   UNDER THE "SOME EVIDENCE" TEST OF SUPERINTENDENT..-V-HILL (1985)
472 us 445,105 s.ct-2768, THE "SOME EVIDENCE" IS NOT LIMITED TO WHETHER A
RIOT OCCURED BUT WHETHER THERE IS "SOME EVIDENCE" OF PETITIONER
ACTIONS HAVING ADEQUATELY SUSTAINED GUILT OF THE CHARGE
(PARTICIPATION IN A RIOT). MORE, ON A WHIM OF THE HEARING OFFICER
GUILT OF A LESSER INCLUDED OFFENSE FROM THE INITIAL CHARGE (i.e.
BATTERY ON AN INMATE WITH A DEADLY WEAPON) WAS IMPOSED WHEN NO
EVIDENCE ALLEGED THE CHARGE IN THE RULES VIOLATION REPORT.

   ARKANSAS-V-OKLAHOMA (1992) 112 s.ct 1046,1060, 503 us 529 HAS
HELD: "AS WE HAVE OFTEN SAID AN AGENCY RULING IS ARBITARY AND
CAPRICIOUS IF THE AGENCY HAS...ENTIRELY FAILED TO CONSIDER AN
AN IMPORTANT ASPECT OF THE PROBLEM".

   HERE, AS THE PREVIOUS FACTS ALLEGE, PETITIONER HAD NO INJURIES
CONSISTENT WITH PARTICIPATION IN A RIOT. APPLICABLE IS JANECSEK-
V-OREGON BD. OF PAROLE,(9th cir.1987) 833 F.2d 1389,1390: "THE

EVIDENCE UNDERLYING THE...DECISION MUST HAVE SOME INDICIA OF
RELIABILITY". EVEN AFTER JANCSEK THE NINTH CIRCUIT ALSO STATEED
IN US-V-ARMSTRONG (9th cir. 1995), 48 F.3d 1508,1512: "OF COURSE
"SOME EVIDENCE" MEANS THE SHOWING MUST BE MORE THEN FRIVOLOUS
AND BASED ON MORE THE CONCLUSORY ALLEGATIONS."

PETITIONER GUILT IS PREDICATED ON, A CONFIDENTIAL INFORMANT
CLAIMS FOR A CHARGE WHICH PETITIONER WAS **EXONERATED.**

### CONCLUSION

For the foregoing reasons and previously stated memorandum of points and Authorities, Petitioner respectfully urges this Honorable Court to grant the relief being requested. Based on the following relief should be granted as the lower State Courts Judiciary inadequately entered an Order that did not address the relevant facts/claims. The Order denying relief and Order using the "look-through" Rule violated 28 U.S.C. §2254(d)(1)(2) prongs as previously cited. The California Judiciary has a duty to protect Petitioner's United States Constitutional Rights and so far has not properly addressed the merits of the claims; and where concurrence via "look-through" Rule is erroneous, Due Process Rights have been violated.

### PRAYER FOR RELIEF

Wherefore, Petitioner respectfully prays this Court to:

(1) Issue the writ of habeas corpus or Order to Show Cause,

(2) Vacate the Superior Courts Order upholding disciplinary hearing findings,

(3) Vacate the Prisons upholding of guilt,

(4) Order the CDCR to remove all documents of RVR# 10-5-25 from Petitioner's Central file as related to participation in the riot in question,

(5) Appoint Counsel,

(6) Conduct an evidentiary hearing,

(7) Grant Petitioner an opportunity to develop and offer additional evidence,

(8) Declare the Rights of the parties; and

(9) Grant any and all other relief deemed proper and in the interest of Justice.

Dated: January 9, 2008

Respectfully Submitted,

*Johnny Placencia*
Johnny Placencia (In Pro Per)

# EXHIBIT 'A'

SUMMARY: SUPERIOR COURTS ORDER DENYING RELIEF

# EXHIBIT 'A'

F I L E D

DEC 11 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
S. GARSIDE _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

In re                                ) Case No.: HC 5558
                                     )
        John Placencia (H-70449)     ) ·ORDER
                                     )
               On Habeas Corpus.     )
                                     )

Petitioner challenges the findings made by CDCR officials at the conclusion of his disciplinary hearing, at which he was found guilty of participating in a riot. Following the finding of guilt, he was placed in administrative segregation and suffered a credit forfeiture. He contends that the confidential informant fabricated the evidence against him, and that he was not affiliated with the gang who engaged in the riot and attack on a prison inmate. Petitioner has exhausted his administrative remedies through the Director's Level of Review. Although styled as administrative mandamus, this Court will exercise its discretion to consider the matter as one seeking habeas relief, in that it challenges conditions of confinement. A petition for extraordinary writ that mislabels the remedy will not be denied if the petition is otherwise meritorious. *Neal v. State of California* (1960) 55 Cal.2d 11.

According to the evidence before the Court, a riot broke out on October 2, 2005 between National Hispanic and Southern Hispanic inmates, and four inmates received slash or puncture wounds, one had suffered a slash from below his left ear down to the middle of his neck. A confidential informant (CI) identified Petitioner as one of the inmates who had participated in the riot. The CI had previously provided reliable information to prison officials, and met the criteria set forth in 15 CCR section 3321. Petitioner was placed in administrative segregation during an investigation into the occurrence, and remained following his later conviction of guilt.

1    At the hearing on the rules violation report (RVR) evidence was presented that 50

2  inmates were fully engaged in combat during the incident at issue.  Petitioner was observed

3  cutting the facial area of a National Hispanic inmate with a small knife during the riot.  At the

4  disciplinary hearing, Petitioner pled not guilty to the charge of battery on an inmate with a

5  deadly weapon, and was found guilty of the lesser but included charge of participation in a riot.

6  He was assessed with a 90-day credit forfeiture and was counseled and reprimanded.  Petitioner

7  did not request the presence of a reporting employee, staff or inmate witnesses at the hearing.

8    In the context of disciplinary hearings, due process is satisfied if there is "any evidence in

9  the record that could support the conclusion reached by the disciplinary board." *Superintendent*

10  *v. Hill* (1985) 472 U.S. 445, 456; *In re Powell* (1988) 45 Cal.3d 894; *In re Ramirez* (2001) 94

11  Cal.app.4th 549, 563.  The institution has met this burden.  The Senior Hearing Officer

12  considered the testimony presented at the hearing, the report of the CI, and Petitioner's

13  statement, and made his determination of guilt on the lesser included charge based upon all of

14  the evidence presented.  The evidence in the record is sufficient to uphold the finding of guilt.

15  Accordingly, the petition is DENIED.

16    IT IS SO ORDERED.

17  Dated:  12·11·06

18

19  Hon. Marla O. Anderson
    Judge of the Superior Court

20

21

22

23

24

25

2    **Page 21**

# EXHIBIT 'B'

SUMMARY: CALIFORNIA 6th DIST. COURT OF APPEALS
1-LINE DENYING ORDER

# EXHIBIT 'B'

# ORIGINAL

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

**FILED**

SEP 1 2 2007

MICHAEL J. YERLY, Clerk

By _____

DEPUTY

|  |  |
|---|---|
| In re JOHN PLACENCIA,<br><br>on Habeas Corpus. | H031943<br>(Monterey County<br>Super. Ct. No. HC5558) |

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Bamattre-Manoukian, Acting P.J., Mihara, J., and McAdams, J.,

participated in this decision.)

Dated    SEP 1 2 2007    _P. Bamattre Manoukian_    Acting P.J.

# EXHIBIT 'C'

SUMMARY: CALIFORNIA SUPREME COURT 1-LINE DENYING ORDER

**EXHIBIT 'C'**

Court of Appeal, Sixth Appellate District - No. H031943
**S156662**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re JOHN PLACENCIA on Habeas Corpus

The petition for review is denied.

SUPREME COURT
**FILED**

NOV 2 8 2007

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
Chief Justice

## VERIFICATION

I, Johnny Placencia (CDCR No. H-70449), Declare under penalty of perjury,

that the aforementioned facts are true and correct.

January ___9___, 2008


### PROOF OF SERVICE BY MAIL
### By Person in State Custody
(C.C.P. §§ 1013(A), 2015.5)

I declare that:

I, Johnny Placencia    (CDCR No. H-70449) am a resident of the State of

California, County of Monterey.  I am over 18 years of age and I am a party

to the within action.  My residence address is P.O. Box 689, Soledad,

California, 93960-0689

On January _____, 2008, I served the foregoing

**PETITION FOR WRIT OF HABEAS CORPUS Under U.S.C. §2254**

on the parties listed below by placing a true copy thereof enclosed

in sealed envelopes (via prison mailbox rule) with trust withdraw slips for

postage to be fully paid by prison staff, in the United States prison

mailbox at Soledad, California, addressed as follows:

**Original and 2 Copies**
Attn: Clerk of the Court (Intake/Docket Sect.)
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT of CALIFORNIA
450 Golden Gate Avenue, Box 36060
San Francisco, California  94102

**One (1) Copy**
Office of the Calif. Attorney General
455 Golden Gate Avenue
Suite 11000
San Francisco, CA  94102

There is regular delivery service by the U.S. Postal Service between the

place of mailing and the places so addressed.

I declare under penalty of perjury under the laws of the State of California

that the foregoing is true and correct.

Executed this ___9___ day of January, 2008, at Soledad, California.

Johnny Placencia (In Pro Per)

JOHNNY PLACENCIA (H-70449)
P.O. Box 689   GW-206 up
SOLEDAD, CA
93960-0689

"LEGAL MAIL"

RECEIVED

JAN 1 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Pro Se

ATTN: CLERK OF THE COURT (INTAKE)
UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF CALIFO
450 GOLDEN GATE AVENUE, BC
SAN FRANCISCO, CA
94102