NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNNY PLACENCIA, | ) | No. C 08-0288 JF (PR) |
| Petitioner, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| BEN CURRY, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The Court orders Respondent to show cause as to why the petition should not be granted.

**BACKGROUND**

Petitioner was found guilty by prison officials at the Correctional Training Facility ("CTF") of participating in a riot, was placed in administrative segregation and suffered a forfeiture of good times credits. Petitioner challenges the finding of guilt in the instant petition. He exhausted his administrative remedies. Thereafter, he filed a petition for a writ of habeas corpus in the Monterey County Superior Court, which was denied in a reasoned decision. His appeal of that decision and subsequent habeas petitions in the

Order of Dismissal
G:\PRO-SE\SJ.Jf\HC.08\Placencia288dis.wpd        1

state appellate and supreme courts were denied.

## DISCUSSION

A.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  Petitioner's Claims

As grounds for federal habeas relief, Petitioner claims that his right to due process was violated because there was insufficient evidence to support the finding that he was guilty of participating in the riot.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court only if the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). Under the 'contrary to' clause of 28 U.S.C. § 2254(d)(1), this Court may grant a writ if the "state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 413 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 412-13.

1     The superior court,[1] citing Superintendent v. Hill, 472 U.S. 445, 454 (1985),
2 denied Petitioner's due process claim because there was some evidence in the record to
3 support the disciplinary decision reached by prison officials. (Petition, Ex. A.) Petitioner
4 argues that the superior court's decision was contrary to or an unreasonable application of
5 federal law under § 2254(d)(1) because there had to be a "preponderance of the evidence"
6 of his guilt. Petitioner is incorrect. The superior court identified the correct standard
7 under due process; due process only requires that there be "some evidence" from which
8 the conclusion of the administrative tribunal could be deduced. See id. at 455;
9 Burnsworth v. Gunderson, 179 F.3d 771, 773-74 (9th Cir. 1999). Consequently, the
10 superior court's decision was not "contrary to" federal law under § 2254(d)(1).

11    Petitioner further argues that the disciplinary decision was based on insufficient
12 evidence because it was based on the lies of a confidential informant. This confidential
13 informant had previously been found to be reliable by prison officials, however, and he
14 testified to seeing Petitioner cutting the facial area of another inmate during the riot.
15 Moreover, as described by the superior court, the disciplinary decision was also based on
16 the testimony of prison officials and Petitioner's own statement. This evidence is
17 sufficient to meet the minimal due process requirement that there be "any evidence in the
18 record that could support the conclusion reached by the disciplinary board." See Hill, 471
19 U.S. at 456. Although Petitioner believes that the confidential informant's testimony was
20 false, prison officials could credit his testimony, as well as the statements, to find that
21 Petitioner was guilty of participating in the riot. Consequently, the state court could
22 reasonably conclude that there was some evidence to support the finding of guilt, and
23 their decision was not an "unreasonable application" of federal law under § 2254(d)(1).

24    As it is clear from the petition that the state court's denial of Petitioner's claim was
25 neither contrary to nor an unreasonable application of federal law, and consequently that

---

[1] As the state appellate and supreme court decisions were summary, this Court "looks through" them to the superior court's decision, the last reasoned state court decision addressing Petitioner's claim. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005).

Order of Dismissal
G:\PRO-SE\SJ.Jf\HC.08\Placencia288dis.wpd      3

1  Petitioner is not entitled to habeas relief, the petition will be dismissed.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED. The Clerk shall close the file and enter judgment.

IT IS SO ORDERED.

DATED: 5/8/08

JEREMY FOGEL
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.Jf\HC.08\Placencia288dis.wpd            4