Johnny Placencia (CDCR No. H-70449)
GW-206-Up, CTF-Central (Soledad)
P.O. Box 689
Soledad, CA  93960-0689
(In Pro Per)

FILED

COPY MAY 29 PM 2:27

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

[ORIGINAL]

| | |
|---|---|
| Johnny Placencia <br> (Petitioner) | Case No. C08-0288 JF (PR) |
| -V- | **RE:** Motion for Reconsideration with Objection to Order of Dismissal and Judgement entered on 5/13/08. From the United States Magistrate Judge: Honorable Jeremy Fogel United States District Judge. |
| Ben Curry, Warden <br> (Respondent(s)) | |

Comes now Petitioner in pro se, Johnny Placencia, with a Motion for reconsideration with objections to Order of dismissal and judgement entered on 5/13/08 by the Honorable Jeremy Fogel United States District Judge in case No. C08-0288 JF (PR).

Petitioner received a copy of the Order of Dismissal and Judgement on May 16, 2008, file dated 5/13/08.  This case should have received an Order to Show Cause, as the first page of the Order of Dismissal at paragraph (1) line 19 states: "Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas pursuant to 28 U.S.C. §2254. Petitioner has paid the filing fee.  The Court orders Respondent to show cause as to why the petition should not be granted."  (A) The Order to Show Cause was not issued, (B) Respondent never responded.  Petitioner believes the Order of Dismissal and Judgement

1 was entered in error, otherwise why would the opening paragraph state: "The
2 Court orders Respondent to show cause as to why the petition should not
3 be granted." Even if the Order of Dismissal was to be correct, Petitioner
4 was never given an opportunity to file any objection(s) before the Judgement
5 was entered/filed in this case.

6     Petitioner respectfully ask this Court for reconsideration and/or
7 clarification as to the opening statement at pg. 1, line 19 of the Order
8 of Dismissal. (Order of Dismissal attached as Exhibit "A") (Judgement
9 attached as Exhibit "B").

10     If the Order of Dismissal and Judgement are to be correct, Petitioner
11 respectfully requests that his Objections to Dismissal and Judgement be
12 heard and entered into the record. For the reasons discussed below,
13 Petitioner prays this Court will realize that an error has occurred and
14 will not accept and adopt the Order of Dismissal and Judgement but will
15 instead issue the Order to Show Cause on Respondent and grant Petitioner's
16 petition and the relief sought therein.

17

18           OBJECTIONS to DISMISSAL and JUDGEMENT

19     Petitioner believes the facts of the petition were incorrectly decided
20 by the Court, which led the Court to employ the wrong standards of review.
21 (I.) the confidential informant was found to be unreliable by Prison
22 Officials, and therefore the confidential informant was barred by the
23 Regulation(s) from offering evidence. (II.) Since the confidential informant
24 was barred, the 115 was invalid, and superintendent -v- Hill did not apply.

25               SUMMARY OF 115

26     Petitioner was placed in administrative segregation 27 days after a riot
27 occurred at Soledad State Prison. This riot occurred on the soccer field
28 of the recreation yard, and is said to have had 50 enemies fully engaged

1   in combat.  A code three was sounded and all inmates were immediately told
2   lay down on the ground.  All inmates on the yard were immediately strip
3   searched for cuts, punctures, bruises, welts, and any marking's to identify
4   participants of the riot.  This day in question Petitioner was strip searched
5   along with hundreds of inmates, as this is normal procedure when a riot
6   occurs.  Petitioner was completely clean and cleared by yard officers to
7   return to his housing unit.  27 days after this riot occurred Petitioner
8   was forced into administrative segregation based on lies from a confidential
9   informant (C.I. hereafter), that prison officials deemed unreliable based
10  on these facts. (1) the informant provided this false information about
11  Petitioner and other inmates the day after the riot. Prison officials did
12  not deem it reliable, as they waited 27 days to place petitioner in
13  administrative segregation.  Additionally, Petitioner was cleared three
14  times in the 27 days by medical staff.  (2) This informant stated, he
15  eyewitnesses Petitioner "cutting the facial area of an inmate, and being
16  in possession of a little knife." (see Exhibit "C" at page 22 )  Petitioner
17  was not found guilty of this charge and this is what the C.I. stated to
18  prison officials.

19      Petitioner was in administrative segregation for 113 days before going
20  to his 115 Hearing, where the senior hearing officer (SHO) himself clearly
21  states: "The findings are based on a lack of evidence brought fourth by
22  the Confidential Informant, and petitioner own involvement in the riot is
23  questionable?".  (see Exhibit "C" at page 28 ).

24                          **STATEMENT OF FACTS**

25      The Honorable Judge Jermey Fogel, states: "the disciplinary decision
26  was also based on the testimony of Prison officials and petitioner own
27  statement".  Which are both to Petitioner's favor.
28  (A) Prison official statement, yard Correctional Officer, and C/O Taylor

states: "I searched inmate Placencia skin and clothing and I did not find any evidence to suggest he had been involved in the riot."

(B) Petitioner statement at his hearing, "I had no involvement in this incident, it is common knowledge by all inmates and Administration of all ranking that I had no involvement in this incident.  No where in the schematic is my name mentioned.  The confidential was written on 10/3/05, one day after the incident.  Why was I placed in administrative segregation twenty-four days later if this confidential was reliable?  My name was never added or taken by Staff during this riot."

Petitioner is attaching the 115 in Exhibit "C" attached so the Honorable Judge Jeremy Fogel can review the statements made during the 115 process. It should also be noted, petitioner was never shown this copy of this 115 until 7 months after Petitioner was placed in administrative segregation. The 115 states it was written on 10/2/05, however, Petitioner was not placed in administrative segregation until 10/26/05,  additionally, Petitioner went to this 115 hearing on 1/21/06 and was still being charged with battery on a inmate with a deadly weapon.  So this 115 which states: "participation in a riot" was given to Petitioner after the fact.  Therefore, a violation of due process had and has occurred in this case.

## CONCLUSION

Errors of judgement and/or clerical have occurred form the Order of Dismissal that was issued in this case.  Therefore, Petitioner respectfully requests that Respondent be issued an Order to show Cause as to why the petition should not be granted, and the attached documents be added to the record in this case.

Dated: May 26, 2008              Respectfully Submitted,

                                 _Johnny Placencia_
                                 Johnny Placencia (Petitioner)

-4-

# EXHIBIT 'A'

SUMMARY:  ORDER OF DISMISSAL

# EXHIBIT 'A'

1
2
3
4
5
6
7

8                          NOT FOR CITATION

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   JOHNNY PLACENCIA,                 )    No. C 08-0288 JF (PR)
                                       )
13              Petitioner,            )    ORDER OF DISMISSAL
                                       )
14   vs.                               )
                                       )
15                                     )
     BEN CURRY, Warden,                )
16                                     )
                Respondent.            )
17   _____)

18

19       Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The Court orders

21   Respondent to show cause as to why the petition should not be granted.

22                              **BACKGROUND**

23       Petitioner was found guilty by prison officials at the Correctional Training Facility

24   ("CTF") of participating in a riot, was placed in administrative segregation and suffered a

25   forfeiture of good times credits. Petitioner challenges the finding of guilt in the instant

26   petition. He exhausted his administrative remedies. Thereafter, he filed a petition for a

27   writ of habeas corpus in the Monterey County Superior Court, which was denied in a

28   reasoned decision. His appeal of that decision and subsequent habeas petitions in the

Order of Dismissal
G:\PRO-SE\SJ.Jf\HC.08\Placencia288dis.wpd          1

1  state appellate and supreme courts were denied.

2  **DISCUSSION**

3  A.    Standard of Review

4  This Court may entertain a petition for writ of habeas corpus "in behalf of a person
5  in custody pursuant to the judgment of a state court only on the ground that he is in
6  custody in violation of the Constitution or laws or treaties of the United States." 28
7  U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

8  A district court shall "award the writ or issue an order directing the respondent to
9  show cause why the writ should not be granted, unless it appears from the application that
10  the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

11  B.    Petitioner's Claims

12  As grounds for federal habeas relief, Petitioner claims that his right to due process
13  was violated because there was insufficient evidence to support the finding that he was
14  guilty of participating in the riot.

15  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a
16  district court may grant a petition challenging a state conviction or sentence on the basis
17  of a claim that was reviewed on the merits in state court only if the state court's
18  adjudication of the claim "resulted in a decision that was contrary to, or involved an
19  unreasonable application of, clearly established Federal law, as determined by the
20  Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). Under the 'contrary to'
21  clause of 28 U.S.C. § 2254(d)(1), this Court may grant a writ if the "state court arrives at
22  a conclusion opposite to that reached by this Court on a question of law or if the state
23  court decides a case differently than this Court has on a set of materially indistinguishable
24  facts." Williams (Terry) v. Taylor, 529 U.S. 362, 413 (2000). "Under the 'unreasonable
25  application' clause, a federal habeas court may grant the writ if the state court identifies
26  the correct governing legal principle from [the Supreme] Court's decisions but
27  unreasonably applies that principle to the facts of the prisoner's case." Id. at 412-13.

28

Order of Dismissal
G:\PRO-SE\SJ.Jf\HC.08\Placencia288dis.wpd          2

1    The superior court,[1] citing <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985),

2  denied Petitioner's due process claim because there was some evidence in the record to

3  support the disciplinary decision reached by prison officials. (Petition, Ex. A.) Petitioner

4  argues that the superior court's decision was contrary to or an unreasonable application of

5  federal law under § 2254(d)(1) because there had to be a "preponderance of the evidence"

6  of his guilt. Petitioner is incorrect. The superior court identified the correct standard

7  under due process; due process only requires that there be "some evidence" from which

8  the conclusion of the administrative tribunal could be deduced. <u>See id.</u> at 455;

9  <u>Burnsworth v. Gunderson</u>, 179 F.3d 771, 773-74 (9th Cir. 1999). Consequently, the

10  superior court's decision was not "contrary to" federal law under § 2254(d)(1).

11    Petitioner further argues that the disciplinary decision was based on insufficient

12  evidence because it was based on the lies of a confidential informant. This confidential

13  informant had previously been found to be reliable by prison officials, however, and he

14  testified to seeing Petitioner cutting the facial area of another inmate during the riot.

15  Moreover, as described by the superior court, the disciplinary decision was also based on

16  the testimony of prison officials and Petitioner's own statement. This evidence is

17  sufficient to meet the minimal due process requirement that there be "any evidence in the

18  record that could support the conclusion reached by the disciplinary board." <u>See Hill</u>, 471

19  U.S. at 456. Although Petitioner believes that the confidential informant's testimony was

20  false, prison officials could credit his testimony, as well as the statements, to find that

21  Petitioner was guilty of participating in the riot. Consequently, the state court could

22  reasonably conclude that there was some evidence to support the finding of guilt, and

23  their decision was not an "unreasonable application" of federal law under § 2254(d)(1).

24    As it is clear from the petition that the state court's denial of Petitioner's claim was

25  neither contrary to nor an unreasonable application of federal law, and consequently that

26

27    [1]As the state appellate and supreme court decisions were summary, this Court "looks
through" them to the superior court's decision, the last reasoned state court decision addressing

28  Petitioner's claim. <u>See Ylst v. Nunnemaker</u>, 501 U.S. 797, 803-04 (1991); <u>Barker v. Fleming</u>,
423 F.3d 1085, 1091-92 (9th Cir. 2005).

Order of Dismissal
G:\PRO-SE\SJ.Jf\HC.08\Placencia288dis.wpd        3

1    Petitioner is not entitled to habeas relief, the petition will be dismissed.

2                                    **CONCLUSION**

3          For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED.

4    The Clerk shall close the file and enter judgment.

5          IT IS SO ORDERED.

6    DATED: _5/8/08_____

7                                    JEREMY FOGEL
                                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
G:\PRO-SE\SJ.Jf\HC.08\Placencia288dis.wpd          4

# EXHIBIT 'B'

SUMMARY:   JUDGEMENT

**EXHIBIT 'B'**

1
2
3
4
5
6
7
8                              NOT FOR CITATION

9                  IN THE UNITED STATES DISTRICT COURT

10             FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   JOHNNY PLACENCIA,                  )    No. C 08-0288 JF (PR)
                                        )
13                   Petitioner,        )    JUDGMENT
                                        )
14   vs.                                )
                                        )
15                                      )
     BEN CURRY, Warden,                 )
16                                      )
                     Respondent.        )
17   _____)

18
            The Court has entered an order of dismissal of this case. Accordingly, a judgment
19
     of dismissal is entered. The Clerk shall close the file.
20
            IT IS SO ORDERED.
21
     DATED:   5/8/08                      _____
22                                        JEREMY FOGEL
                                          United States District Judge
23
24
25
26
27
28

     Judgment
     G:\PRO-SE\SJ.Jf\HC.08\Placencia288jud.wpd        1

# EXHIBIT 'C'

SUMMARY:  RELEVANT DOCUMENTS / REPORTS / STATEMENTS / 115 REPORT

**EXHIBIT 'C'**

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:
WHITE - CENTRAL FILE
BLUE - INMATE (2ND COPY)
GREEN - ASU

CANARY - WARDEN
PINK - HEALTH CARE MGR
GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | CDC NUMBER |
|---|---|
| PLACENCIA, J. (CFFW-225U:  XW2280) | H70449 |

## REASON(S) FOR PLACEMENT *(PART A)*

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY        [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On October 26, 2005, an investigation into the riot occurring on 10-02-05, on the CTF Central Yard, between National Hispanic and Southern Hispanic inmates was completed. Several inmates identified as being involved in this riot sustained puncture/stab type wounds. Based on this investigation, you are being placed in Administrative Segregation (Ad.Seg) housing as confidential information revealed you slashed Inmate ENRIQUEZ, J77701, with an inmate manufactured weapon while actively participating in the riot. This confidential information was provided by a confidential source(s) that is deemed reliable as it meets the criteria set forth in CCR § 3321 in that the source(s) has previously provided information that has proven to be true, the information provided is self-incriminating, and part of the information provided was corroborated through an investigation utilizing information provided by non-confidential source(s). Specifically, the medical evaluation (CDC 7219) reflecting Inmate ENRIQUEZ sustained a slash from below his left ear down to the middle of his neck. Based on the aforementioned, your continued presence in General Population presents an immediate threat to the safety of staff and
**CONTINUED ON SUPPLEMENTAL PAGE**

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:  / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 10-27-05 | T. G. JARVIS | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 10-27-5 | 1445 | TARIS, F. C. | | LT |

| [ ] INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|

## ADMINISTRATIVE REVIEW *(PART B)*
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | INVESTIGATIVE EMPLOYEE (IE) |
|---|---|

| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|---|---|

### IS THIS INMATE:

LITERATE? [ ] YES [ ] NO
FLUENT IN ENGLISH? [ ] YES [ ] NO
ABLE TO COMPREHEND ISSUES? [ ] YES [ ] NO
FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? [ ] YES [ ] NO
DECLINING FIRST STAFF ASSISTANT ASSIGNED? [ ] YES

EVIDENCE COLLECTION BY IE UNNECESSARY [ ] YES [ ] NO
DECLINED ANY INVESTIGATIVE EMPLOYEE [ ] YES [ ] NO
ASU PLACEMENT IS FOR DISCIPLINARY REASONS [ ] YES [ ] NO
DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED [ ] YES

Any *NO* requires SA assignment
[ ] NOT ASSIGNED

Any *NO* may require IE assignment
[ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE    DATE

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____ [ ] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

ᴛᴇ OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
ᴀᴅMINISTRATIVE SEGREAGATION UNIT PLACEMENT NOTICE
SUPPLEMENTAL: CONTINUATION OF CDC 114-D                                    PAGE _2_ OF _2_

| INMATE'S NUMBER | INMATE'S NAME | O-WING CELL | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H70449 | PLACENCIA, J. | | CTF-CENTRAL | 10/27/05 |

**CONTINUED FROM CDC 114-D:**

other inmates as well as endangers Institution security. You will be retained in Administrative Segregation pending possible felony prosecution, disciplinary action and Institution Classification Committee review for more appropriate housing/programming needs. You are not a participant in the Mental Health Services Delivery System at any level of care and your TABE/GPL is above the 4.0 level. Due to this placement, your credit earning, custody level, privilege group, and visiting status are subject to change. Your placement is authorized by T. G. Jarvis, Unit III Program Lieutenant.

| SIGNATURE OF WRITER/TITLE | DATE SIGNED |
|---|---|
| T. G. JARVIS, CORRECTIONAL LIEUTENANT | |

CDC 114-D

14

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

| DISTRIBUTION | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| STOPANI, S. (CFFW-225L:XW-229L) | C30244 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On October 26, 2005, an investigation into the riot occurring on 10-02-05, on the CTF Central Yard, between National Hispanic and Southern Hispanic inmates was completed. Several inmates identified as being involved in this riot sustained puncture/stab type wounds. Based on this investigation, you are being placed in Administrative Segregation (Ad.Seg) housing as confidential information revealed that he saw you slash Inmate ENRIQUEZ, J77701, with an inmate manufactured weapon and batter Inmate VEGA, K41740, by striking him in the mouth with your fists while actively participating in the riot. Further, a second source revealed that he saw you jump an unidentified National Hispanic inmate during the riot. This confidential information was provided by confidential source(s) that are deemed reliable as it meets the criteria set forth in CCR § 3321 in that the source(s) have previously provided information that have proven to be true, the information provided is self-incriminating, and part of the information provided was corroborated through an investigation utilizing information provided by non-confidential source(s). Specifically, the medical evaluation (CDC 7219) reflecting Inmate ENRIQUEZ
**CONTINUED ON SUPPLEMENTAL PAGE**

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:  /  /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 10-28-05 | D. B. SILVA | D.B. | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | | STAFF'S TITLE |
|---|---|---|---|---|---|
| 10-28-05 | 1900 | D. B. SILVA | D.B. | CDC NUMBER | Lieutenant |

[X] INMATE REFUSED TO SIGN    INMATE SIGNATURE

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | | |
|---|---|---|---|
| LITERATE? | [ ] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [X] YES [ ] NO |
| FLUENT IN ENGLISH? | [X] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [X] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [X] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [X] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [X] YES | | |

Any "NO" requires SA assignment                    Any "NO" may require IE assignment

[X] NOT ASSIGNED                    [X] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| [ ] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE 10-28-05 |
|---|---|---|

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY____ [ ] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE | |
|---|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | | DATE OF REVIEW |

**See Chronological Classification Review document (CDC 128-G) for specific hearing information**

15

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE SEGREAGATION UNIT PLACEMENT NOTICE
**SUPPLEMENTAL: CONTINUATION OF CDC 114-D**                                              PAGE _2_ OF _2_

| INMATE'S NUMBER | INMATE'S NAME | O-WING CELL | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| **C-30244** | **STOPANI, S.** | **XW-229L** | **CTF-CENTRAL** | **10/28/05** |

**CONTINUED FROM CDC 114-D:**

sustained a slash wound from below his left ear down to the middle of his neck and the Incident Report, Log # CTF-CEN-05-10-0242 where staff reported they observed a riot between National Hispanic and Southern Hispanic inmates. Based on the aforementioned, your continued presence in General Population presents an immediate threat to the safety of staff and other inmates as well as endangers Institution security. You will be retained in Administrative Segregation pending possible felony prosecution, disciplinary action and Institution Classification Committee review for more appropriate housing/programming needs. You are not a participant in the Mental Health Services Delivery System at any level of care and your TABE/GPL is above the 4.0 level. Due to this placement, your credit earning, custody level, privilege group, and visiting status are subject to change. Your placement is authorized by D. B. Silva, Unit III Program Lieutenant.

10-31-2
ISSUED COPY
I GUERRA,
FC

| SIGNATURE OF WRITER/TITLE D. B. ___ | DATE SIGNED |
|---|---|
| **D. B. SILVA, CORRECTIONAL LIEUTENANT** | 10-28-05 |

CDC 114-D

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST | HOUSING NO | LOG NO. 111- |
|---|---|---|---|---|---|---|
| T54455 | FERRIN, R. | | | CTF-C | FW-121U | 10-05-21 |
| VIOLATED RULE NO(S). | SPECIFIC ACTS Battery On An Inmate With A | | | LOCATION CTF | DATE | TIME |
| CCR § 3005 (c) | Deadly Weapon | | | Central Yard | 10/26/05 | 1400 HRS |

CIRCUMSTANCES On 10-26-05, an investigation into the riot involving National Hispanic and Southern Hispanic inmates occurring on the CTF Central Facility Yard on 10-02-05 (Incident Log # CTF-CEN-05-10-0242) was completed. An investigation into this riot was ordered by the CTF Administration in order to identify other inmates involved in this incident, to determine the possible assailant(s) in the battery with a weapon on several involved inmates, and to ascertain which cases could be referred for felony prosecution. As the fact-finder in this matter, a review of this incident reveals that on 10-02-05, at approximately 1415 hours, a Code 2 Alarm was activated on the CTF Central Yard. Correctional Officer S. M. Bann, Tower # 2 Officer, observed approximately 50 Hispanic inmates (Nationals and Southerners) fully engaged in a riot near the northeast end of the tennis courts, between the tennis courts and exercise area. Officer Bann was able to positively identify known members of both combative groups as Southerner and National Hispanic inmates. Officer Bann positively identified Inmate Vega, K41740, seated on the benches and tables with other National Hispanic inmates on the northeast side of the tennis court fence. The officer further positively identified Inmate Quiroz, K24384, EW-239L, a Southern Hispanic, sitting on a table wearing

**(CIRCUMSTANCES CONTINUED ON ATTACHED CDC 115-C)**

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | | RDO'S |
|---|---|---|---|---|---|
| ▶ T. G. JARVIS, Correctional Lieutenant | | | | | |
| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☑ INMATE SEGREGATED PENDING HEARING | | | |
| ▶ R. A. PEREZ, Correctional Lieutenant | | By: | | | |
| | | DATE 10/2/05 | LOC. | XW-317L | |
| CLASSIFIED | OFFENSE DIVISION: DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO | |
| ☐ ADMINISTRATIVE | | ▶ E. PALMER, Correctional Lieutenant | | ☐HO ☑SHO ☐SC ☐FC | |
| ☑ SERIOUS (181-360) | A-1 | | | | |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ | DATE 11-3-05 | TIME | TITLE OF SUPPLEMENT | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE 1-3-05 | TIME | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME |

HEARING

| REFERRED TO | CLASSIFICATION | BPT/NAEA | | | | |
|---|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | | SIGNATURE ▶ | | DATE | TIME |
| REVIEWED BY: (SIGNATURE) ▶ | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ | | DATE | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME |

CDC 115 (7/88)

17

STATE OF CALIFORNIA

RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE _2_ OF _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T54455 | FERRIN, R. | III-10-05-21 | CTF-C | 10/26/05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☒ 115 CIRCUMSTANCES  ☐ HEARING  ☐ IE REPORT  ☐ OTHER _____

sunglasses, a slingshot T-shirt, and gray shorts in an area with the other large group of Hispanic inmates identified as Southerner Hispanic inmates near the softball right field foul pole. At this time, 50 inmates became fully engaged in combat. As responding staff gained control of the crime scene perimeter, inmates identified as actively participating, injured, and/or evading the scene were placed in mechanical restraints (flex cuffs). Upon securing the incident area, staff discovered that four (4) inmates were injured with puncture and/or slash wounds consistent with being battered with a weapon. These inmates were transported via gurney to CTF Central Health Care Services. Two (2) Southern Hispanic inmates, identified as Inmates Carrasco, E69606, BW-329L, and Garcia, D12927, EW-239U, were medically evaluated and noted to have sustained the following injuries. Inmate Carrasco sustained a puncture wound to the left side rib area near the proximity of the heart. Inmate Garcia was noted to have sustained a puncture wound to the lower right abdomen measuring approximately 3/4" in length. Both inmates were treated and subsequently re-housed in Administrative Segregation housing. Two (2) National Hispanic inmates, identified as Inmates Enriquez, J77701, CW-212U, and Vargas, K50494, FW-250U, were medically evaluated and noted to have sustained the following injuries. Inmate Enriquez was noted to have sustained a puncture wound to his upper left chest above the heart and a slash-type wound with a laceration from the bottom of his left ear extending down his neck. Based upon his injuries, Enriquez was admitted into the Second Floor Infirmary for further treatment and observation. Inmate Vargas was noted to have sustained a slash-type wound to the top of the head and a puncture wound to his upper left chest. Based upon his injuries, Inmate Vargas was admitted into the Infirmary for further treatment and observation. Inmate Vega was identified by responding staff as having injuries consistent with being involved in the riot. A medical evaluation of Inmate Vega revealed that he had sustained multiple reddened areas to his back and neck areas.

The investigation conducted into this matter produced confidential information from two separate confidential source(s). Confidential Source #1 stated that he eye-witnessed Inmate Ferrin, T54455, slash Inmate ENRIQUEZ, J77701, with a weapon. Confidential Source #2 stated that he saw Inmate Ferrin retrieve a long black object from under a table adjacent to the horseshoe pit and began stabbing any inmate in the area of the incident. (Refer to Confidential Memorandums, dated, 10-03-05, authored by Correctional Lieutenant C. B. Tucker and dated 10-04-05, authored by Correctional Counselor I D. Gibson) The identity of this source(s) cannot be disclosed without endangering the source(s) or the security of the Institution. This information is considered reliable and meets the criteria set forth in CCR § 3321 as the information received was from a source(s) who has previously provided confidential information which has proven to be true; the source(s) incriminated himself in a criminal activity at the time of providing the information; and part of the information provided by the source(s) has already proven to be true and is supported by non-confidential sources (Refer to Medical Report of Injuries - CDC 7219s and Incident Report, Log # CTF-CEN-05-10-0242). The circumstances surrounding this riot including the medical reports and staff's visual observation of inmates involved in the incident, in conjunction with the information received, satisfies this fact-finder that the information is true. Inmate Ferrin did not display bizarre, unusual, or uncharacteristic behavior during this incident; and therefore, he was not referred to Mental Health Services for evaluation/assessment. Inmate Ferrin is a participant in the Mental Health Services Delivery System at the CCCMS level of care. Inmate Ferrin is aware of this report.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| T. G. JARVIS, Correctional Lieutenant | |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | | |

B2

# CORRECTIONAL TRAINING FACILITY
### Soledad, California

## MIRANDA DECISION

## NOTICE OF RIGHTS

Inmate **PLACENCIA, J.** **H70449**, I wish to ask you some questions because you are suspected of:

## BATTERY ON AN INMATE WITH A DEADLY WEAPON

It is my duty to inform you that:

1. You have the right to remain silent.
2. Anything you say can and will be used against you in a Court of Law.
3. You have the right to talk to an attorney and have him present with you while you are being questioned.
4. If you cannot afford to hire an Attorney, one will be appointed to represent you before any questioning if you wish one.
5. A Rules Violation Report is being submitted and that this matter is being referred to the Monterey County District Attorney's Office for a possible felony prosecution.

DATE: **10-27-05**,    TIME:_____, INTERROGATOR: T. G. JARVIS, CORRECTIONAL LIEUTENANT.

========================================================================

1. I understand that I have each of these rights as explained above.

2. Having these rights in mind, I wish to waive them and I am willing to answer questions and/or make a statement.

_____    DATE :_____

**INMATE'S SIGNATURE AND NUMBER**
**OR**

3. I understand my rights and choose to remain silent.

_~~Placencia John~~_    DATE : _10-29-05_
**INMATE'S SIGNATURE AND NUMBER**

_____    DATE :_____
**WITNESSED BY :**

[    ]    Subject refused to sign notice of rights.

T. G. JARVIS, CORRECTIONAL LIEUTENANT
**Signature of Interrogator**

19

CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION    ARNOLD SCHWARZENEGGER, GOVERNOR

ON OF ADULT OPERATIONS
CTIONAL TRAINING FACILITY

686
CA 93960

*Xw 223 U*



December 19, 2005

W. J. Hill
Associate Warden
CTF-Central Facility

RE:   VELARDE, V-25591/FERRIN, T-54455/QUIROZ, K-24384
      STOPANI, C-30244/PLACENCIA, H-70449/VARELA, ~~K-24384~~ *E-17791*
      CTF-CEN-05-10-0242

Your incident report # CTF-CEN-05-10-0242 dated October 2, 2005, has been reviewed
and evaluated. Prosecution referral has been declined and determined to best be handled
on an Administrative basis.

D. King Jr., Lieutenant
Investigative Services Unit
CTF-Soledad

I. R. # CTF-CEN-05-10-0242
   cc: Assoc. Warden's File
       Facility Captain
       Inmate(s)
       115 File
       C-File

DEC 2 3 2005

*AW C*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECT'

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INST | LOG NO. |
|---|---|---|---|---|---|
| H70449 | PLACENCIA, J. | CCR § 3005 (c) | 10/02/05 10/26/05 | CTF-C | III-10-05-25 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   ☑ YES   ☐ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☒ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ X John Placencia | 11-3-05 |

DATE NOTICE OF OUTCOME RECEIVED  12-23-05   DISPOSITION  Decline

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ | |

### STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED   ☐ WAIVED BY INMATE | | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☒ NOT ASSIGNED | REASON  DNMC 3315 (d) 2 | | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☒ REQUESTED   ☐ WAIVED BY INMATE | | ▶ John Placencia | 11-8-05 |
| ☒ ASSIGNED | DATE 12-28-05 | NAME OF STAFF  J BURKS | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE INFORMATION REQUESTED

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

Reporting Employee requested at the hearing:          YES
Investigative Employee requested at the hearing:       No
Any information in Confidential Reports:               No
Inmate Witnesses requested at hearing:                YES   (Inmate Witnesses Listed On CDC-115C:)
Staff Witnesses requested at hearing:                 YES

DEFENDANT'S STATEMENT: PLACENCIA, H-70449; XW-223U;
On 12/28/06, at approximately 1150 hours, I, Correctional Officer Burks interviewed inmate PLANCENCIA, H-70449. I asked him "Do you want to make a statement concerning this incident?" He stated: "I do not want to make a statement, but I have witnesses for you to talk to."

(STAFF WITNESSES:)
G. S.TAYLOR, Correctional Officer, INDUSTRY PATROL, S/S/H
C. B. TUCKER, Correctional Lieutenant, UNIT II, S/S
F. F. FLORES, Correctional Officer, CENTRAL YARD, F/S
(I.E. REPORT CONTINUED ON ATTACHED CDC 115-C)
XW-223 321

| FINAL INVEST. REPORT ISSUED BY ▶ C/O J Burks | DATE 1-19-06 | TIME 1332 | INVESTIGATOR'S SIGNATURE ▶ J. A. BURKS, Correctional Officer | DATE 1-19-06 |
|---|---|---|---|---|
| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | | TIME 1705 | DATE 1-13-05 |

CDC 115-A (7/88)

21

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _____ H70449 _____    INMATE NAME: _____ PLACENCIA _____

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ 10-26-05 _____ submitted by

_____ CORRECTIONAL LIEUTENANT T. G. JARVIS _____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ 10-27-05 _____

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☒ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☒ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) _____

_____

3) Disclosure of information received.

The information received indicated the following: A CONFIDENTIAL SOURCE EYEWITNESSED YOU ON

OCTOBER 2, 2005, PARTICIPATING IN A RIOT BETWEEN NATIONAL HISPANIC AND SOUTHERN

HISPANIC INMATES ON THE CTF CENTRAL YARD.  THIS SOURCE STATES THAT HE SAW YOU

ACTIVELY INVOLVED IN THIS RIOT AND THAT YOU WERE IN POSSESSION OF A LITTLE KNIFE.

FURTHER, HE STATES THAT HE WITNESSED YOU CUTTING INMATE ENRIQUEZ, J77701, WITH THE

KNIFE IN THE FACIAL AREA.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). CONFIDENTIAL MEMORANDUM, DATED 10-03-05, AUTHORED BY CORRECTIONAL LIEUTENANT

C. B. TUCKER, LOCATED IN THE CONFIDENTIAL SECTION OF THE INMATE'S CENTRAL FILE.

D. J. CARRAZCO, CORRECTIONAL COUNSELOR II                    10-27-05
STAFF SIGNATURE, TITLE                                      DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

OSP 98 14546

22

☐ EOP  ☐ CRISIS BED  ☑ NOT IN MENTAL HEALTH PROGRAM  ☐ OPP  ☐ RDO  ☐ PV-RDO  ☐ ABS SCORE +4.0

STATE OF CALIFORNIA

# RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

COPY TO RECORDS DATED 10-31-0 by

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST | HOUSING NO | LOG NO: III- |
|---|---|---|---|---|---|
| H70449 | PLACENCIA, J. | LIFER | CTF-C | FW-225U | 10-05-25 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR § 3005 (c) | Battery On An Inmate With A Deadly Weapon  Participation in a Riot | CTF Central Yard | 10/02/05 10/26/05 | 1400 HRS |

CIRCUMSTANCES On 10-26-05, an investigation into the riot involving National Hispanic and Southern Hispanic inmates occurring on the CTF Central Facility Yard on 10-02-05 (Incident Log # CTF-CEN-05-10-0242) was completed. An investigation into this riot was ordered by the CTF Administration in order to identify other inmates involved in this incident, to determine the possible assailant(s) in the battery with a weapon on several involved inmates, and to ascertain which cases could be referred for felony prosecution. As the fact-finder in this matter, a review of this incident reveals that on 10-02-05, at approximately 1415 hours, a Code 2 Alarm was activated on the CTF Central Yard. Correctional Officer S. M. Bann, Tower # 2 Officer, observed approximately 50 Hispanic inmates (Nationals and Southerners) fully engaged in a riot near the northeast end of the tennis courts, between the tennis courts and exercise area. Officer Bann was able to positively identify known members of both combative groups as Southerner and National Hispanic inmates. Officer Bann positively identified Inmate Vega, K41740, seated on the benches and tables with other National Hispanic inmates on the northeast side of the tennis court fence. The officer further positively identified Inmate Quiroz, K24384, EW-239L, a Southern Hispanic, sitting on a table wearing sunglasses, a slingshot T-shirt, and gray shorts in an area with the other large group of Hispanic inmates identified as

**(CIRCUMSTANCES CONTINUED ON ATTACHED CDC 115-C)**

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ T. G. JARVIS, Correctional Lieutenant | 10-31-05 | IV 2T | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☑ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ R. A. PEREZ, Correctional Lieutenant | 10/31/05 | By: | |
| | | DATE 10/1/2705 | LOC. XW-223U |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE 61-70  D(3) | 11-1-05 | ▶ E. PALMER, Correctional Lieutenant | ☐ HO ☑ SHO ☐ SC ☐ FC |
| ☑ SERIOUS (181-360) A 17 | | | |

COPIES GIVEN INMATE BEFORE HEARING DA DECLINE 12/28/05 @ 1150 mko

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT Pack Incident Log # CTF-Cen 05-10-01 |
|---|---|---|---|---|
| ☑ INCIDENT REPORT LOG NUMBER: 05-10-0242 | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME 1703 |

HEARING

I AM SATISFIED With the I. E. Reports (Waive all witness that I have Noted on the I.E. Report. x John Placencia 1-21-06

RE-ISSUED COPY OF RVR With Correction to the Date of Occurrence x C. Fox Date 1/20/06

Inmate PLACENCIA appeared before this Senior Hearing Officer on 1/21/06, at approximately 1756 hours for the adjudication of CDC-115, which he is charged with ("Battery On An Inmate With A Deadly Weapon".) This was the circ... not participation

PLEA: I have read the charges to inmate PLACENCIA and he pled Not Guilty and stated:

(PLEA CONTINUED ON CDC-115C:)

**FINDINGS:** Inmate PLACENCIA was found Guilty of a Lesser but Included Charge of "Participation in a Riot".

**(FINDINGS CONTINUED ON ATTACHED CDC 115-C)**

**DISPOSITION:** Inmate PLACENCIA is assessed ninety (90) days Forfeiture of Credits consistent with a Division "D (3)" offense, CCR Title 15 §3323. Inmate PLACENCIA was Counseled and Reprimanded. Inmate PLACENCIA is referred to I.C.C. for Program Review and Housing Needs. Inmate PLACENCIA was advised he will receive a completed copy of the CDC-115 RVR upon final audit by the Chief Disciplinary Officer. He was also advised of his right to appeal any decision made or action taken and the methods of appealing and credit restoration procedures.

REFERRED TO ☑ CLASSIFICATION ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| L. CHAVEZ, JR., Correctional Lieutenant | ▶ | 1/21/06 | 1256 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ I. GUERRA, Facility Captain | 1-30-06 | ▶ W. J. HILL, Associate Warden | 2/8/06 |

| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | DATE 2/15/06 | TIME 1905 |
|---|---|---|---|

CDC 115 (7/88)

RMG

23

RULES VIOLATION REPORT - PART

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H70449 | PLACENCIA, J. | III-10-05-25 | CTF-C | |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHE ____

(I. E. CONTINUED:)

(INMATE WITNESSES:)
ORTEGA, H-75373, CFCW-224
WILLIAM, H-90367, CFFW-351
BUSCHBOM, D-03503, CFFW-327
HARPER, C-44744, CFGW-327
ENRIQUEZ, J-77701, CFXW-345

(REPORTING EMPLOYEE'S STATEMENT:)
On 01/16/06 at approximately 1600 hours, T. G. Jarvis stated that: "The investigation conducted into this matter produced confidential information from a confidential source(s) who eye-witnessed Inmate Placencia, H70449, in possession of a "little knife" and cutting Inmate ENRIQUEZ, J77701, in the facial area with the knife during the riot. (Refer to Confidential Memorandum, dated, 10-03-05, authored by Correctional Lieutenant C. B. Tucker)  The identity of this source(s) cannot be disclosed without endangering the source(s) or the security of the Institution. This information is considered reliable and meets the criteria set forth in CCR § 3321 as the information received was from a source(s) who has previously provided confidential information which has proven to be true; the source(s) incriminated himself in a criminal activity at the time of providing the information; and part of the information provided by the source(s) has already proven to be true and is supported by non-confidential sources (Refer to Medical Report of Injuries - CDC 7219s and Incident Report, Log # CTF-CEN-05-10-0242)."

(STAFF WITNESSES' STATEMENTS:)
On 01/16/06 at approximately 1000 hours, I (Correctional Officer Burks) interviewed Lt. Tucker concerning the incident which occurred on 10/2/05, on the Central Yard. Lt. Tucker stated: "I received information from a Confidential Informant who stated that inmate PLACENCIA, H-70449 was involved with the riot which occurred on the yard on 10/2/05."

On 1/18/06 at approximately 1100 hours, I (Correctional Officer Burks) asked Correctional Officer Taylor if he had statements concerning inmate PLACENCIA's, H-70449 involvement in the riot that occurred on 10/2/05. He stated: "I searched inmate PLANCENCIA's skin and clothing and I did not find any evidence to suggest that he had been in the riot."

On 1/17/06 I (Correctional Officer Burks) asked Correctional Officer Flores the following questions:
BURKS:   "Do you have a statement concerning inmate PLACENCIA's, H-70449 involvement in the riot that occurred on the Central Yard on 10/2/05?"
FLORES:   "No."
Time of interview:  13:25.
**(I.E. REPORT CONTINUED ON ATTACHED CDC 115-C)**

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| J. A. BURKS, Correctional Officer | 1-19-06 |

| | COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) C/O Jhvsh | DATE SIGNED 1-19-06 | TIME SIGNED 1332 |
|---|---|---|---|---|

BH

24

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H70449 | PLACENCIA, J. | III-10-05-25 | CTF-C | |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHE _____

(I. E. CONTINUED:)

(INMATE WITNESSES' STATEMENTS:)

On 12/20/05 at approximately 10:10 I asked inmate ENRIQUEZ, J-77701, XW-345 if he would like to be a witness or make a statement concerning the incident on 10/2/05. He stated: "No."

On 12/30/05 at approximately 10:35 hours, I interviewed inmate LEOS, C-88299, CFCW-229 concerning the incident on 10/2/05. He stated: "I saw PLACENCIA doing burpies when the yard went down. I could see him because he was across form me. I was using the bars close to Tower 5 and he was on the bars close to the Soft Ball Field."

On 12/30/05 at approximately 10:30 hours, I asked inmate ORTEGA, H-75373, CFCW-224 if he would like to make a statement concerning the incident on 10/2/05. ORTEGA said: "At the time of the incident I (ORTEGA) saw PLACENCIA at the dip bar working out. When the code was called, PLANCENCIA sat down in the dirt on the Weight Pile by the Dip Bars. Then the Correctional Officers identified everyone and escorted him back to his unit."

On 12/29/05 at approximately 10:15 hours, I interviewed inmate AMOS, H-90367, CFFW-351. I asked him, "Would you like to make a statement concerning inmate PLACENCIA's involment in the incident which occurred on 10/2/05. He stated: "I did not see him out there and he was not involved." I asked inmate AMOS if he had any further statements and he stated: "No."

On 12/29/05 at approximately 10:45, I interviewed inmate BUSCHBOM, D-03503, CFFW-327L and asked him if he would like to make a statement concerning PLACENCIA's involment in the 10/2/05 incident on CTF Central Yard. He gave the following statement. "The day in question, I talked a minute or two with Johnny on the Weight Pile. When the Yard went down we went over to the nearest grass and laid down approximately thirty (30) feet from each other. I left when Fox Wing was called in." End of statement.

On 12/29/05 at approximately 12:00 hours, inmate HARPER, C-44744, GW-327 made the following statement: "Before the incident started, he (Inmate PLACENCIA) was on the Dip Bars with me. When the incident started he sat down on the dirt in the Weight Pile area. Then the Correctional Officers came and separated the Blacks from the Mexicans." End of statement.

On 12/29/05 at approximately 1100 hours, Correctional Officer Burks was unable to locate any inmate by the name of TRAVI at CTF Soledad.

On 1/8/06, Correctional Officer Burks was unable to contact Correctional Officer Carrillo.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| J. A. BURKS, Correctional Officer | 1-19-06 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | C/O J. Burks | 1-19-06 | 1332 |

CDC 115-C (5/95)

BH

25

STATE OF CALIFORNIA                                                                                          DEPARTMENT OF CORRECⁱˢ
RULES VIOLATION REPORT - PART C                                                                    PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H70449 | PLACENCIA, J. | III-10-05-25 | CTF-C | 1/21/2006 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHE

(HEARING CONTINUED:)
Inmate PLACENCIA IS NOT a patient/participant in the Mental Health Services Delivery System at any level of care.
Inmate PLACENCIA did NOT display any bizarre, unusual or uncharacteristic behavior; therefore, he was not referred to the
Mental Health Department for evaluation/assessment. Per CCR §3315(d)(2) criteria, a Staff Assistant was not assigned, as
Inmate PLACENCIA has a T.A.B.E. Reading Score exceeding 4.0, therefore circumstances do not fall within criteria outlined.
Per CCR§3315(d)(1) Correctional Officer J. A. Burks was assigned as Investigative Employee (IE). Inmate PLACENCIA did not
request the presence of the Reporting Employee, Staff or Inmate witnesses at the hearing. Both witnesses presence was granted
by the SHO. The purpose for the hearing was explained, and Inmate PLACENCIA acknowledged understanding the charge
against him and that he did receive copies of all pertinent documents more than 24 hours prior to the hearing. Inmate
PLACENCIA stated that his health is GOOD, and that he is NOT in the Mental Health Services Delivery System at any level of
care. I have read the charge to Inmate PLACENCIA.

(PLEA CONTINUED:)
"I had no involvement in the incident. It is common knowledge by all inmates and administration of all ranking that I had no
involvement in this incident. No where in this schematic is my name mentioned. The confidential was written on 10/3/05, one
day after the incident. Why was I placed in Ad/Seg twenty-four (24) days later if this confidential was reliable? My name was
never added to or taken by Staff during the riot." Inmate PLACENCIA had no further statements for this hearing.

On 1/21/06, the SHO asked inmate PLACENCIA, H-70449, XW-223U the following questions:
SHO:            "Where were you located on the Central Yard during the riot?"
PLACENCIA:     "I was at the handball courts all afternoon. I then walked to the phones. I made two calls to my mom
                (no  answer). I then walked to the work-out area and was there for about two minutes. I briefly
                spoke with Bobby (Bushbomb). Then the Yard went down. I sat down. The officers came and
                used yellow tape to separate the area. I was nowhere near the area that the tape surrounded.

SHO:            "Are you affiliated?"
PLACENCIA:     "No, but because I came from Southern California, the Reception Center labels us as Southerners."

SHO:            "Do you know inmate ENRIQUEZ form the mainline?"
PLACENCIA:     "Yes. Only as a casual acquaintance. We do not talk, but I know who he is."

SHO:            "Do you know inmate STOPANI, FERRIN and VARELA?"
PLACENCIA:     "Yes. I know them from here at C.T.F."

SHO:            "Have any of these inmates been your cellmates."
PLACENCIA:     "Yes. FERRIN."

Reviewed by: _____ FC ____ Date: 1-30-06
            I. GUERRA, Facility Captain, Unit IH

Chief Disciplinary Officer: _____         Date: 2/8/06

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | L. CHAVEZ JR., Correctional Lieutenant | | 1/21/06 |
| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | 2/15/06 | 1505 |

CDC 115-C (5/95)

TWS

26

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H70449 | PLACENCIA, J. | III-10-05-25 | CTF-C | |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHE _____

(HEARING CONTINUED:)

SHO:        "When you were at the handball court and walked to the phones, was anyone with you?"
PLACENCIA:  "Yes. It was TRAVI. He lived in the Gym Dorm, but paroled in November of 2005."

SHO NOTE:   (I contacted Correctional Officer Lynch, who had been assigned to the Gym Dorm prior to October 2005. Officer Lynch indicated that she had no recollection of any inmate who was called TRAVI. Inmate PLACENCIA admitted that TRAVI is a nickname and could not provide an actual name or CDC number.)

Inmate PLACENCIA entered three (3) documents into evidence. The documents were accepted and reviewed by this SHO.
Document #1. CDC-114D, Administrative Segregation Order issued to inmate PLACENCIA.
Document #2. CDC-114D, Administrative Segregation Order issued to inmate STOPANI, C-30244.
Document #3. CDC-115 issued to inmate FERRIN, T-54455.

The SHO asked inmate PLACENCIA to explain the reasons for entering these items as evidence. PLACENCIA stated that the CDC-114D issued to him and inmate STOPANI were identical and asked why. The SHO explained to inmate PLACENCIA that the issuance of a CDC-114D was based on the information obtained from a Confidential Memorandum and that the information contained in STOPANI's CDC-114D varied slightly from the CDC-114D issued to him (PLACENCIA). The SHO informed PLACENCIA that the CDC-114D is a stand alone document and would not be a factor in this hearing.

The reason for inmate PLACENCIA entering the CDC-115 RVR which was issued to inmate FERRIN had to do with the question of why inmate FERRIN's CDC-115 RVR was identical to his (PLACENCIA). The SHO informed inmate PLACENCIA that inmate FERRIN's CDC-115 RVR would not be a factor in this hearing.

Inmate PLACENCIA waived the staff and inmate witnesses that he had requested as noted on the 115A, stating that he was satisfied with the I.E. Reports. PLACENCIA signed and dated the CDC-115. The SHO terminated the hearing at approximately 1840 hours. Inmate PLACENCIA had no other relevant information to provide and the SHO had no further questions.

Reviewed by: _I. Guerra FC_____ Date: 1-30-06
                I. GUERRA, Facility Captain, Unit III

Chief Disciplinary Officer: _____ Date: 2/8/06
                W.J. HILL, Associate Warden, CTF-Central
(HEARING CONTINUED ON ATTACHED CDC 115-C)

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | L. CHAVEZ JR., Correctional Lieutenant | 1/21/06 |
| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☑ COPY OF CDC 115-C GIVEN TO INMATE | | 2/15/06 | 1505 |

TWS

CDC 115-C (5/95)

27

OF CALIFORNIA

S VIOLATION REPORT - PART C

| | | LOG NUMBER | INSTITUTION | | DAY'S DATE |
|---|---|---|---|---|---|
| UMBER | INMATE'S NAME | III-10-05-25 | CTF-C | | |
| 49 | PLACENCIA, J. | | | | |

SUPPLEMENTAL  [X] CONTINUATION OF:  [ ] 115 CIRCUMSTANCES  [X] HEARING  [ ] IE REPORT  [ ] OTHE___

DINGS CONTINUED:)

finding is based on a lack of evidence brought forth by the Confidential Informant. In which he indicates that inmates PANI, PLACENCIA, and FERRIN were the assailants in the attack against inmate ENRIQUEZ, and that those three (3) kers slashed inmate ENRIQUEZ.

view of the CDC-7219 Medical Report indicates that ENRIQUEZ suffered a slash-type wound to the left side of the face and ncture to the upper left chest area. It is this SHO's contention that an attack mounted by three armed inmate against one (1) ild surely have rendered a victim with more than two injuries. Both injuries sustained by inmate ENRIQUEZ were to the left : indicating to this SHO that there was only one (1) attacker. Also, no weapon (s) could have given an indication that more ch of the Central Yard. The discovery of weapons through analysis by I.S.U. Staff were discovered during the subsequent n one weapon was used in this attack.

ring the course of this hearing, this SHO found credible evidence to sustain a charge of "Participation In A Riot." Inmate ACENCIA admitted to being in the work-out area during the riot. Inmate PLACENCIA admitted to knowing inmate FERRIN was RRIN, who was at the time his cell partner, and inmate STOPANI, who became his cell partner after inmate ken to Ad-Seg, establishing a direct link with both STOPANI and FERRIN, known (SUR) Southern Mexican Affiliates. mate PLACENCIA attempted to sway this SHO into believing that he does not associate with Southern Mexicans by stating: Reception labels us as Southerners". PLACENCIA cell (houses) only with Southern Mexican Inmates.

orrectional Officer S. M. Bann observed two (2) groups of Hispanic inmates. One group was located by the Tennis Court Mexican Nationals). The other group (Southern) were located by the work-out area. (This is the area where inmate LACENCIA placed himself).

Correctional Officer G. Taylor reports that he observed approximately thirty (30) inmates involved in a riot and that when orders vere issued to prone-out, some of the involved inmates ran toward the basketball court and exercise bars area. Again, this is the area where inmate PLACENCIA admits to being.

It is evident that not all of the participants in this riot were positively identified because they had ample time to leave the affected area prior to staff arriving with sufficient numbers to fully quell the disturbance. In inmate PLACENCIA's case, he was identified by a Confidential Source, although the extent of his participation is questionable. He himself (PLACENCIA) indicates that he was in the area where the Southern Mexican inmates gathered prior to the riot is sufficient to find inmate PLACENCIA Guilty. Pursuant to the California Code of Regulations Title 15 3321, the identity of the source cannot be disclosed without endangering the source or the security of the institution. This information is considered reliable in that, the source has previously provided Confidential Information which has proven to be true, the source incriminated himself in criminal activity at the time of providing this information. Part of the information provided by the source has already proven true and is supported by non-confidential sources. (See Medical Reports of Injuries, CDC-7219 and Incident Report Log #CTF-CEN-05-10-0242.)

Reviewed by: _____  Date: 1-26-06
          I. GUERRA, Facility Captain, Unit III

Chief Disciplinary Officer: _____  Date: 2/3/06
          W.J. HILL, Associate Warden, CTF-Central

| | | |
|---|---|---|
| SIGNATURE OF WRITER | DATE SIGNED | |
| L. CHAVEZ JR., Correctional Lieutenant | 1/21/06 | |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| [ ] COPY OF CDC 115-C GIVEN TO INMATE | 7/15/06 | 1505 |

RMG

CDC 115-C (5/95)

28

NAME and NUMBER      PLACENCIA      H70449      XW-321U                    CDC-128-B (Rev. 4/74)

On October 2, 2005, Inmate Placencia, 49, was placed in Administrative Segregation. confidential information revealed that he slashed an inmate with an inmate manufactured weapon and participated in a riot. An investigation was conducted and concluded on 10-26-05 and Placencia was charged with *Battery on an Inmate with a Deadly Weapon*. This 115 was adjudicated on 1-21-06 and he was found guilty of *Participation in A Riot* and assessed 90 days FOC. This offense also warrants a SHU term. Placencia is a Life Term inmate with a MEPD of 7-20-2001 and a classification score of 19. All available information indicates that the issues that led to the riot have been resolved and there are currently no documented enemy concerns on the CTF Central mainline.

Unit III recommends ICC assess and impose a three month mitigated SHU term (no acts of same or similar in nature) with a MERD of 12-10-05 and refer to the CSR for SHU audit. Release subject to the CTF Central General Population due to completion of the disciplinary process and place on the Support Services Waiting List. D2D from 10-2-05 until 12-10-05 reverting to D1D on 12-11-05 until release from Ad-Seg. Upon release from Ad-Seg subject will revert to A2B with MED A custody.

Original: Central File
    cc:  Ad/Seg CC-II
         Unit III CC-II/CC-I
         Inmate

**D. J. CARNAZZO**
**Correctional Counselor II, Unit III**
**CTF Central Facility**

DATE: 2/10/06                         **CLOSURE**                         **GENERAL CHRONO**

29

XW-223

PLACENCIA, H-70449

YARD OFFICER

1. OFFICER, TAYLOR, G, - IF I WAS INVOLED IN THE RIOT? HE
SEARCHED ME, AT THE DIP BARS, IF I HAD
ANY MARKS, CONSISTENT WITH BEING INVOLED.

2. I/m ENRIQUEZ, d - J-77701 - ASK HIM IF I WAS INVOLED WITH HIM
XW-243        AT ALL? IF HE EVEN SEEN ME IN THE AREA
OF THE RIOT? IF ME & EVER HAD ANY
PROBLEMS?

3. ~~TRAVI  FW-GYM~~        ~~ASK HIM IF I WAS INVOLED IN THE~~
~~I/M~~        ~~INCIDENT AT ALL? WHERE WAS I WHEN~~
~~PAROLED~~      ~~THE INCIDENT TOOK PLACE?~~

4. JOE LEOS, CW-229 - ASK HIM IF I WAS INVOLED IN THE
INCIDENT AT ALL? WHERE WAS I WHEN
THE WHOLE RIOT TOOK PLACE?

5. ORTEGA, H-75373 - IF HE SEEN THE INCIDENT? WHERE WAS
CW-225 4    I WHEN IT TOOK PLACE? IF I WAS INVOLED
WITH IT AT ALL?

5. WILLIAM AMOS, H-90367 - ASK HIM IF HE SEEN THE INCIDENT? IF HE
FW-351 4      SEEN ME INVOLED AT ALL? WHERE WAS I WHEN
IT TOOK PLACE?

7. ROBERT BUSCHLOM - D-03503 - ASK HIM IF HE SEEN THE INCIDENT?
FW-329 4      IF I WAS INVOLED? WHERE WAS
I WHEN IT TOOK PLACE?

OVER
130

XW-SGT. SGT. BOOMAN, MY MEDICAL REPORT. "IMPORTANT" COMPLETLY CLEAR & IS NOT IN MY PACKET?

8. BOBBY EARL HARPER - ASK HIM IF HE SEEN THE INCIDENT? IF C-44744, GW-324 I WAS INVOLED? WHERE WAS I WHEN IT TOOK PLACE?

9. LT. CB TUCKER - ASK HER TO GIVE YOU A COPY OF THE CONFIDENTIAL STATEMENTS? WHY SHE WAITED 24 days TO ROOL ME UP IF HER CONFIDENTIAL WAS SO RELIABLE? WHAT TYPE OF MEDICATION IS HER CONFIDENTIAL ON?

10. THE CONFIDENTIAL - ASK HIM WHAT WAS I WEARING? HOW MUCH DO I WEIGH? WHERE WAS HE WHEN HE WITNISSED ME INVOLED? WHAT TYPE OF MEDICATION IS HE ON? DID HE TAKE HIS MEDICATION THE DAY OF THE INCIDENT?

11. VERY IMPORTANT "C" C/O CARRILLO. HE, HAD A TABLE, GIVING C/O ₣ WAS ORDERED, TO TAKE DOWN ALL NAME OF I/m IN THE AREA. I NEED A COPY OF THE NAMES, HE WROTE DOWN.

12. C/O FLORES, CENTRAL YARD OFFICER. ASK HIM, IF I HAD ANY MARKS CONSISTANT WITH BEING INVOLED IN A RIOT? HE ₣ C/O TAYLOR, SEARCHED ME AT THE DIP BARS, DID I HAVE ANY WEAPONS OR BLOOD ON ME? DID I EVEN APPEAR NEVOUS?

31

529

EXHIBIT "A"

① In response to the reviewers response in question ① I ask the Director to review my (IE) report, specifically C/o Taylor statement

② In response to the reviewers, response in question ② The riot was not in the workout area, all statements point to me being in the workout area doing my daily exercise, that's it! not grouping or rioting.

③ In response to reviewers, response in question ③ The S.H.O. stated by having ~~two~~ (2) cellmates that were accused of violations established a direct link between me and them, and was used to find me guilty. I ask the reviewer to read my 602, specifically the consolidation part, haveing a cellmate does not hold a charge for participation.

④ In response to reviewer, response in question ④ I would like to introduce clear evidence to show the confidential Informant is false and unreliable. this is the only I/M who says he seen me involed in the riot. These documents will show why he cannot be relied upon. The Informant falsely accused three inmates of the exact same crime, and created a firestorm

　　　Document 1, I/M Ferrin, CDC 115
　　　Document 2, I/M Sto Pani, CDC 115
　　　Document 3, I/M **PLACENCIA**, CDC 115

I do thank the Directors Office for their time in this serious matter to me.

Respectfully,
I/M Placencia, J.
H-70449

EXHIBIT "A"

32

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## MEDICAL REPORT OF INJURY
## OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | | DATE |
|---|---|---|---|---|
| CTF | Cashal | USE OF FORCE / INJURY / UNUSUAL OCCURRENCE / ON THE JOB INJURY / PRE AD/SEG ADMISSION | | 10/3/2 |

| THIS SECTION FOR INMATE ONLY | NAME  LAST        FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|
| | PLACENCIA | H70449 | F 121L | |

| THIS SECTION FOR STAFF ONLY | NAME  LAST        FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
|---|---|---|---|---|

| THIS SECTION FOR VISITOR ONLY | NAME  LAST     FIRST     MIDDLE | DOB | OCCUPATION |
|---|---|---|---|
| | HOME ADDRESS       CITY       STATE       ZIP | HOME PHONE | |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|
| YARD | 10-2-05 | |

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL *(circle)*  LITTER  WHEELCHAIR  AMBULATORY  ON SITE | AGE | RACE | SEX |
|---|---|---|---|---|---|---|
| 1343 | 1343 | COOLWOOD | AMBULATORY | 32 | M | M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

No Comment

NO INJURY

| INJURIES FOUND?  YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | YES / NO |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| 1343 | Ø |

| TIME/DISPOSITION | REPORT COMPLETED BY/TITLE  (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|---|
| RTC @ 1350 | J. MANGLICMOT R. | 29132 | S/M |

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

CDC 7219 (Rev. 11/02)     DISTRIBUTION:  ORIGINAL - UHR     CANARY - CUSTODY     PINK - HEALTH AND SAFETY/RTW COORDINATOR

33

DEPARTMENT OF CORRECTIONS

# MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE

*# 321*

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | | | DATE |
|---|---|---|---|---|---|
| CTF | Central | INJURY   USE OF FORCE | UNUSUAL OCCURRENCE | ON THE JOB INJURY   PRE AD/SEG ADMISSION | 10/2 |

| THIS SECTION FOR INMATE ONLY | NAME   LAST   FIRST | | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| | PLACGNTTM  JOHN | | H 70446 | | |

| THIS SECTION FOR STAFF ONLY | NAME   LAST   FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
|---|---|---|---|---|
| | | | | |

| THIS SECTION FOR VISITOR ONLY | NAME   LAST   FIRST   MIDDLE | DOB | OCCUPATION |
|---|---|---|---|
| | | | |
| | HOME ADDRESS   CITY   STATE   ZIP   HOME PHONE | | |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|
| Central Unit | 10/2/05  1411 | |

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL *(circle)* LITTER  WHEELCHAIR | AGE | RACE | SEX |
|---|---|---|---|---|---|---|
| 1602 | 1602 | Bonguino SGT | AMBULATORY  ON SITE | 32 | Wht | |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"I don't have no idea, what soever"

| INJURIES FOUND?   YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

O.C. SPRAY EXPOSURE?   YES / NO

DECONTAMINATED?   YES / NO

Self-decontamination instructions given?   YES / NO

Refused decontamination?   YES / NO

15 min. checks | | |

Staff issued exposure packet?   YES / NO

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| | NP |

| TIME/DISPOSITION | | REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|---|---|
| 1603 | RTC | LOUIS RN   (signature) | 29 13424 | S/u |

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

CDC 7219 (Rev. 08/04)   DISTRIBUTION:   ORIGINAL - Custody   CANARY - Inmate/Employee   PINK - Health and Safety / RTW Coordinator (only work related injury)

34

STATE OF CALIFORNIA

*CDC 115/c-file*
PAGE 1 OF 2

DEPARTMENT OF CORRECTIONS

**COMPREHENSIVE LIST OF PERSONS
INVOLVED IN INCIDENT**

*NOTE: this cover takes
the place of pages
4, 5, 6 & 7 listing of I M's*

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| **CTF-CENTRAL FACILITY** | **10-02-05** | **1415 HOURS** | **CTF-CEN-05-10-0242** |

## INMATES

| NAME (LAST, FIRST, MI) | CDC NUMBER |
|---|---|
| **VARGAS, A.** | **K50494** |
| **ENRIQUEZ, D.** | **J77701** |
| **VALENCIA, E.** | **J07778** |
| **VEGA, J.** | **K41740** |
| **NOYOLA, J.** | **J48629** |
| **DELGADO, D.** | **E77627** |
| **FLORES, J.** | **C44325** |
| **RUIZ, G.** | **H77443** |
| **GARCIA, D.** | **D12927** |
| **CARRASCO JR, M.** | **E69606** |
| **VELARDE, J.** | **V25591** |
| **SOTO, B.** | **E31212** |
| **FERRIN, R.** | **T54455** |
| **VARELA, G.** | **E17791** |
| **QUIROZ, E.** | **K24384** |
| | |

## STAFF, VISITORS, OTHERS

| NAME (LAST, INITIALS) | RANK |
|---|---|
| **BANN, S.** | **CORRECTIONAL OFFICER** |
| **TAYLOR, G.** | **CORRECTIONAL OFFICER** |
| **ZIESSLER, C.** | **CORRECTIONAL OFFICER** |
| **HEIN, J.** | **CORRECTIONAL OFFICER** |
| **HOLLEY, C.** | **CORRECTIONAL OFFICER'** |
| **CARRILLO, C.** | **CORRECTIONAL OFFICER** |

36

Case 5:08-cv-00288-JF    Document 8    Filed 05/29/2008    Page 36 of 40



CENTRAL

DIVISION ROAD

DESCRIPTION
CENTRAL FACILITY
RECREATION YARD

CORRECTIONAL TRAINING FACILITY

PLEASE SEE REVERSE SIDE FOR SCHEMATIC

35

STATE OF CALIFORNIA
# CRIME / INCIDENT REPORT
## PART A1 - SUPPLEMENT
CDC 837-A1 (09/03)

DEPARTMENT OF CORRECTIONS

| | | PAGE __1__ OF __1__ | INCIDENT LOG NUMBER CTF-CEN-05-10-0242 |
|---|---|---|---|
| INSTITUTION CTF-SOLEDAD | FACILITY CENTRAL RECREATION YARD | DATE OF INCIDENT 10/02/05 | TIME OF INCIDENT 14:15 |

TYPE OF INFORMATION:

☐ SYNOPSIS/SUMMARY OF INCIDENT   ☒ SUPPLEMENTAL INFORMATION   ☐ AMENDED INFORMATION   ☐ CLOSURE REPORT

NARRATIVE:

On 10-26-05, an investigation into this incident was completed. As part of the investigative process, all National Hispanic and Southern Hispanic inmates were retained on lockdown status. Further, two (2) rounds of inmate interviews along with searches of all CTF Central Facility National Hispanic and Southern Hispanic inmate cells were conducted. As a result of this investigation, confidential information disclosed the identity of several participants in the riot. Consequently, the following inmates have been identified and charged with the following:

Inmate Velarde, V25591, Southern Hispanic, will be charged with Possession of a Deadly Weapon.
Inmate Ferrin, T54455, Southern Hispanic, will be charged with Battery on Inmate Enriquez, J77701, with a Deadly Weapon.
Inmate Soto, E31212, Southern Hispanic, will be charged with Battery On An Inmate Without Serious Injury.
Inmate Varela, E17791, Southern Hispanic, will be charged with Battery On Inmate Vargas, K50494, with a Deadly Weapon.
Inmate Quiroz, K24384, Southern Hispanic, will be charged with Possession of a Deadly Weapon.
Inmate Stopani, C30244, Southern Hispanic, will be charged with Battery On Inmate Enriquez, J77701, with a Deadly Weapon.
Inmate Placencia, H70449, Southern Hispanic, will be charged with Battery On Inmate Enriquez, J77701, with a Deadly Weapon.

Inmates Flores, C44235, FW-220I, Delgado, E77627, CW-219U, Quiroz, K24384, and Stopani, C30244, as a result of this investigation were identified as active participants in this riot and were subsequently re-housed in Administrative Segregation housing. Inmate Velarde will be issued a Rules Violation Report for violation of the California Code of Regulations (CCR), Title 15, specifically charging the inmate with Possession of a Weapon, a Division A1 Offense. Inmate Ferrin will be issued a Rules Violation Report for violation of the California Code of Regulations (CCR), Title 15, specifically charging the inmate with Battery On An Inmate With a Deadly Weapon, a Division A1 Offense. Inmate Soto will be issued a Rules Violation Report for violation of the California Code of Regulations (CCR), Title 15, specifically charging the inmate with Battery On An Inmate Without Serious Injury, a Division D Offense. Inmate Varela will be issued a Rules Violation Report for violation of the California Code of Regulations (CCR), Title 15, specifically charging the inmate with Battery On An Inmate With a Deadly Weapon, a Division A1 Offense. Inmate Quiroz will be issued a Rules Violation Report for violation of the California Code of Regulations (CCR), Title 15, specifically charging the inmate with Possession of a Weapon, a Division A1 Offense. Inmate Stopani will be issued a Rules Violation Report for violation of the California Code of Regulations (CCR), Title 15, specifically charging the inmate with Battery On An Inmate With A Deadly Weapon, a Division A1 Offense. Inmate Placencia will be issued a Rules Violation Report for violation of the California Code of Regulations (CCR), Title 15, specifically charging the inmate with Battery On An Inmate With A Deadly Weapon, a Division A1 Offense. Inmates Velarde, Ferrin, Varela, Quiroz, Stopani, and Placencia have been administered their rights pursuant to the Miranda Decision and have been notified that this matter will be considered for referral to the Monterey County District Attorney's office for possible felony prosecution.

Additional staff members involved in this incident were identified and added to the Part B2 as they have provided reports outlining their respective involvement in this matter - Correctional Sergeant H. Fordham, Correctional Sergeant G. Verdesoto, and Correctional Officer D. Torres are added to pages 11 & 11A of 11 pages. This information is provided as an addendum and clarification to this incident.

All appropriate Administrative personnel have been notified of this matter.

You will be apprised of further developments in this matter, should they occur, via supplemental report(s).

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) D. M. BENEDETTI | TITLE LIEUTENANT | ID # 2911485 | BADGE # 35684 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) x4444 | DATE 10-28-05 |
| NAME OF WARDEN / AOD (PRINT/SIGN) I. GUERRA | | TITLE FACILITY CAPTAIN, UNIT III | DATE 10-28-05 |

## VERIFICATION

I, Johnny Placencia (CDCR No. H-70449), Declare under penalty of perjury,

that the aforementioned facts are true and correct.

May **26**, 2008

### PROOF OF SERVICE BY MAIL
### By Person in State Custody
### (C.C.P. §§ 1013(A), 2015.5)

I declare that:

I, Johnny Placencia  (CDCR No. H-70449) am a resident of the State of

California, County of Monterey.  I am over 18 years of age and I am a party

to the within action.  My residence address is P.O. Box 689, Soledad,

California, 93960-0689

On May **26**, 2008, I served the foregoing

**RE:** Motion for Reconsideration with Objections to Order of Dismissal and
        Judgement entered on 5/13/08. From the United states Magistrate Judge.

on the parties listed below by placing a true copy thereof enclosed in

sealed envelopes (via prison mailbox rule) in the United States

prison mailbox at Soledad, California, addressed as follows:

Original & 2 Copies
Office of the Clerk, U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

One Copy
Office of the CA Attorney General
455 GOLDEN GATE AVENUE
SUITE 11000
SAN FRANCISCO, CA. 94102

There is regular delivery service by the U.S. Postal Service between the

place of mailing and the places so addressed.

I declare under penalty of perjury under the laws of the State of California

that the foregoing is true and correct.

Executed this **26** day of May, 2008, at Soledad, California.

Johnny Placencia (Declarant)

38

Johnny Placencia
CDCR# H-70449
CTF-Central (Gwing-206w)
Post Office Box 689
Soledad, California 93960
CONFIDENTIAL LEGAL MAIL///



RECEIVED

MAY 9 2008



UNITED STATES POSTAGE
PITNEY BOWES
$ 04.80°
02 1M
0004229813    MAY 27 2008
MAILED FROM ZIPCODE 93960

United States D
Northern Distri
Attn: Office of
450 Golden G